## ALLIANCE SECURITIES CO. v. DE VILBLISS MFG. CO.

### No. 6660.

Circuit Court of Appeals, Sixth Circuit.

April 12, 1935.

S. E. Darby, Jr., of New York City (Walter A. Darby, of New York City, on the brief), for appellant.

Charles W. Owen, of Toledo, Ohio (Wilber Owen, Owen & Owen, all of Toledo, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

On the former appeal this court held the patent in suit, Hopkins No. 1,196,691, valid and infringed by form No. 1 of appellee's device, known in this record as QC form, but not infringed by its Forms 2 and 3, and remanded the cause for an injunction and accounting upon the first form. 41 F.(2d) 668. The District Court referred the cause to a master for an accounting. It appeared on the hearing before the master that the appellee had changed its QC type on December 11, 1924, from an infringing to a noninfringing form. The master accordingly limited the accounting for infringement by this type to the latter date. It further appeared on the hearing that the appellee had made and sold two other types of apparatus known as the QM and QB types. The master found that the QB type did not infringe, but that the QM type did infringe. In the accounting he determined that the appellee had sustained the burden of proof as to the necessity of apportioning profits, that the appellant had failed to offer any evidence which would serve as a basis for such an apportionment or for determining damages and a reasonable royalty, and recommended an award of nominal damages of $1. The court approved and confirmed the report of the master and entered a decree accordingly.

■ A determination of the questions argued before us requires a clear understanding of what the patent is for—what it covers and does not cover. It is not a patent for the idea or accomplishment of independent control of the air pressures in the pipes leading to the tank and the spray nozzle. The accomplishment of this control is necessarily a function of an attachment or attachments on a device. Neither is it a patent for a new combination. While the claims refer to a combination, the invention is to be measured, not by the language of the claims, but by the advance over the prior art [Herman v. Youngstown Car Mfg. Co., 216 F. 604, 607 (6 C. C. A.); Egry Register Co. v. Standard Register Co., 23 F.(2d) 438 (6 C. C. A.)], and we think it is clear that the only substantial advance in the patented device is that it uses means for independently controlling the air pressure in the air lines leading to the paint tank and the spray nozzle. Hopkins brought this control about by attaching automatic pressure valves or regulators, separately controllable, to existing operative devices. The providing of these attachments was the only advance he made over Fisher and other older devices. He did not produce a new combination of his attachments with all that had gone before, but an improvement on existing structures. This, we think, is his invention. The court adjudications, when properly construed, do not hold it is more.

■ We agree with the master that the QM apparatus is an infringement of the patent. We cannot agree with him that the QB type does not infringe. The only difference between the two is that there is a safety valve in the head of the tank of the latter which limits the maximum pressure within the tank to a predetermined amount. Both have independently controllable pressure regulators in the lines leading to the nozzle and the tank—the patentable element of Hopkins. The adding of the safety valve to the QB type in no way affects—certainly within the limit which it imposes—the independent control of these regulators. In our opinion it does not avoid infringement.

■ When a patented improvement does not give the entire value to a device, the profits recoverable for infringement are measurable by the difference between what the infringer received from sales of the improved device and what he might reasonably have expected to receive from the sales of that part of it which he had the right to sell. McCreary v. Pennsylvania Canal Co., 141 U. S. 459, 465, 12 S. Ct. 40, 35 L. Ed. 817. In such case the burden is on the party seeking a recovery of profits to show that they were made by the infringer and are apportionable between the device with and without the improvement. Westinghouse Electric & Mfg. Co. v. Wagner Electric & Mfg. Co., 225 U. S. 604, 32 S. Ct. 691, 56 L. Ed. 1222, 41 L. R. A. (N. S.) 653. In the case here presented the appellant offered evidence before the master to show that the appellee made profits in the operation of its business during the accounting period, but it did not show or attempt to show what if any part of them should be apportioned to the use of the patented improvement. During that period, or for a part of it at least, the appellee sold a completed structure with the improvement attached thereto and also sold parts of the structure with such improvement. At the same time it was making and selling a structure without the improvement. All of this was a part of its business. In keeping its records and accounts it was in no wise guilty of willfully failing to segregate profits accruing to it on that part of the device which it had the

right to make and sell from those derived from the sale of the device with the improvement thereon; indeed, it would have been quite as difficult for it to have made such apportionment as it was for the appellant to make it from an examination of the entries on appellee's books, to which the appellant had access. There is evidence to show that no part of the profits was attributable to the use of the improvement. In this situation, with no showing of a basis for an apportionment, we think it would be unfair to hold that appellant is entitled to all the profits appellee made in selling the various forms and parts of its device.

The appellant is not a producer or seller of the improvement, but owns the patent for it and licenses others to make and sell it. It was not, therefore, in a position to prove lost sales as the measure of damages for infringement. In view of that fact, the case is one, we think, for the application of the reasonable royalty rule. Gear Grinding Machine Co. v. Studebaker Corporation, 4 F.(2d) 510 (6 C. C. A.); Collins v. Hupp Motor Car Corporation, 22 F.(2d) 27 (6 C. C. A.); Egry Register Co. v. Standard Register Co., supra; Dowagiac Mfg. Co. v. Minnesota Plow Co., 235 U. S. 641, 35 S. Ct. 221, 59 L. Ed. 398. To prove damages on this basis, the appellant offered in evidence seven license agreements made with other producers and sellers of spraying devices, the earliest being made June 13, 1924, and the latest November 11, 1929. The master refused to consider these licenses as evidence of an established royalty price at the time of the infringing sales. In this we think he was wrong. It is true that some of them covered both the series and parallel types of apparatus, and that others were discontinued shortly after the decision of this court on the former appeal. Some of them, however, were in effect during the period for which the accounting was ordered. It may very reasonably be said that these may not be accepted as conclusive of a reasonable royalty value. They were evidence of such value, though, as were also the canceled licenses, the cancellation of which should have been considered as affecting their evidentiary effect. The appellee is guilty of a wrongful taking and use of appellant's property—the exclusive right conferred by the patent. The circumstances of the taking and use being such as not to admit of proof of recoverable profits or lost sales, the appellant should not have been turned away empty handed but should have been allowed damages measured by "such

sum as, under all the circumstances, would have been a reasonable royalty" for the appellee to have paid. 235 U. S. 641, page 649, 35 S. Ct. 221, 224, 59 L. Ed. 398.

The decree is reversed, and the cause remanded, with direction to enter a decree adjudging infringement by the QB type of apparatus, and awarding the appellant damages on the basis of what is determined on the hearing to be a reasonable royalty.