**ENTERPRISE MFG. CO. v. SHAKES-
PEARE CO.**

No. 9630.

Circuit Court of Appeals, Sixth Circuit.
April 11, 1944.

Aibert L. Ely, of Akron, Ohio (Lawrence W. Smith, of Grand Rapids, Mich., Ely & Frye, of Akron, Ohio, and Smith, Strawhecker & Wetmore, of Grand Rapids, Mich., on the brief), for appellant.

Otis A. Earl, of Kalamazoo, Mich., for appellee.

Before HICKS, SIMONS, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

This case is with us on second appeal; this time from a decree of the District Court, 47 F.Supp. 859, awarding as reasonable royalty to appellant two and one-half percent on the amount of appellee's sales of bait-casting reels, which were held, in 6 Cir., 106 F.2d 800, to infringe the valid claims of Case Patent No. 1,579,076.

The objective of claims 8, 9, 10, 11, which on the previous appeal were held valid and infringed, was said to be provision for a reel in which the level wind mechanism may be readily removed for cleaning or repairing without entirely disassembling the reel, and particularly without disturbing the end plates. The inventor, Case, was held to have accomplished his object "by providing a hole in one of the plates of the reel large enough to permit the withdrawal of the screw-threaded shaft, thus leaving the remainder of the reel intact and immediately usable." It was specified in claims 22, 23 and 27, which were also held valid and infringed, that, without disturbing the end plates, the gears driving the level wind shaft are to be held in place when the shaft is removed. The claims of four other patents, three for improvement in bait-casting reels and the fourth covering reels for deep salt water fishing, were charged to have been infringed, but were held void for lack of invention. The decree of the District Court was in all respects affirmed.

Upon receipt of our mandate, the District Court made operative that portion of its decree (suspended by the former appeal), referring the cause to a special master for proof, accounting and report upon the issue of gains and profits derived by appellee from the manufacture and sale of the infringing reels.

Though what he termed "the manifest insufficiency" of applying as the basis of award either the rule of common law damages for plaintiff's lost sales, or the equitable principle of defendant's profits from its infringement, demonstrated the necessity for resort to the "reasonable royalty rule," the Master, nevertheless, found $67,826.36, or exactly one-fourth of the net profits of appellee from the manufacture and sale of fishing reels infringing Case Patent No. 1,579,076, to be a reasonable royalty.

Each opposing party took exception to this illogical conclusion. Appellant contended for allowance of general damages in the form of a reasonable royalty of not less than 15% of the total sales of the infringing reels and repair parts. Appellee insisted that no evidence had been adduced of sales lost by appellant as a result of the sale of the infringing reels; indeed, that there was no evidence that appellant had sustained any damage whatever as a result of the infringement.

The District Judge found "no supportable basis in the record" for the master's ultimate conclusion. No logical connection was seen between "a reasonable royalty" and assumed profits accruing to appellee on reels containing the infringing device. Exceptions of both parties based upon misapplication of the reasonable royalty doctrine were therefore sustained. The court commented that much ado had been made in the proceedings before the master, in his report and in the consequent exceptions, concerning issues of little or no relevancy, inasmuch as the accounting should not be based upon apportionment of profits. It was asserted that both parties had conceded the impossibility of segregating profits because of the methods employed by appellee in the conduct of its business. During the period of infringement thousands of non-infringing reels had been manufactured by appellee in the same factory. Consequently, the master and the District Court were in accord that it would be impossible to ascertain, even approximately, a correct distribution of expenses incurred or profits derived by appellee from distribution of the infringing reels.

The District Judge overruled those exceptions of appellee which would have been pertinent to an accounting had apportionment of profits, and not reasonable royalty,

been deemed the true basis for ascertainment of the damages; and also overruled appellee's exceptions grounded upon the assertion that no sales value had been added to its product by use of the infringing device.

Exceptions were also sustained to the findings of the master that the Supreme reel of appellant was inoperative when used with the level winding shaft and carriage removed, as immaterial to the issues and as inconsistent with both the "law of the case" as established by this court and with the finding of the master that "the Case patent shows a perfectly operable non-level wind reel when the threaded shaft is removed."

An important finding of the special master, concurred in by the District Judge, was that the appellee had not been shown to be a conscious, deliberate and wilful infringer. This finding is supported by substantial evidence.

In the letter in which the appellant company charged the appellee with infringing Case Patent No. 1,579,076, infringement was also charged as to two other patents, later held in this suit to be invalid for lack of invention. As observed in the report of the special master, William Shakespeare, Jr., of wide experience in the patent field and president of the appellee company, testified "in a very candid and positive manner" that he held the firm opinion that the claims of the patent in controversy were not infringed, because of their invalidity. This, as stated by the master, was "a question of law and fact on which reasonable men might differ." Moreover, in a letter to its South Bend subsidiary, written on April 18, 1931, by the vice-president of the appellee Shakespeare Company, with reference to mechanical changes in its level winding device, statements were made that on the basis of its patent lawyer's opinion, and especially in view of the manufacture by Shakespeare more than thirty years before of a double screw level winding reel, the broad claims of the Case Patent were invalid; and that, if suit were brought by the Enterprise Manufacturing Company, "there would be practically no likelihood of damages being assessed," or that the suit would be won by Enterprise upon the validity of their claims.

The District Judge considered it a fair deduction from the entire record that the appellee entertained a good-faith belief in the invalidity of the contested claims, having been upheld in that belief as to five of the six patents upon which suit was brought. The court stated: "The patent in suit was sustained upon a narrow margin of validity, and it was not unreasonable for defendant to believe that the claims of the patent in this accounting were also invalid."

The District Court stated that the contestants were in accord that under the authorities the computation of a reasonable royalty should be based upon the gross sales by the appellee of bait-casting reels, embodying the invention revealed in the valid Case Patent claims. The extreme demand of appellant for 15% royalty on sales, and an award restricted to a maximum of ½ of 1% insisted upon by appellee, were each found unjustifiable by the evidence revealed in the record. The suggested 15% award was thought to rest upon the erroneous assumption that appellee was a wilful infringer and had been saved from approaching bankruptcy only by "violent infringement." The court considered itself called upon to evaluate the substantial value in the removability of the level-wind shaft, without disturbance of the frame and without requiring replacement of any part to leave a usable "non-level-wind reel." It was seen that an award based upon other elements of infringing reels, previously held invalid, must be avoided. Admittedly, no clear basis for separation of the respective values was found in the record, but that obstacle was not regarded in the circumstances of the case as a deterrent from an award of damages upon a reasonable royalty basis.

Some nine sporting fishermen, most of whom were dealers in fishing reels, testified that, while in action, a fisherman does not remove or have occasion to remove the level-wind-mechanism shaft to clean it or clear it of sand, weeds, and the like. It was also the consensus of opinion among these witnesses that the removable level-wind shaft does not impress prospective purchasers as having practical value. Conceding this to be true, the District Court, however, rejected the conclusion that the improvement lacked substantial *sales value* to the manufacturer, or that the appellee regarded it as lacking sales value when the invention was infringed. It was pointed out that in both catalogues and advertisements the level winding removable mechanism had been stressed by appellee as one of the outstanding features of its reels; and that correspondence between the parties demon-

strated that the level wind take-down feature was regarded as a valuable asset. Its substantial value consisted, if not in usefulness to the customer, at least in utility to the manufacturer as a "sales point" in producing sales and incident profit.

The District Court reasoned that the award of damages to be made should be the reasonable royalty which the parties, if they had attempted to reach an agreement at the commencement of the infringement period, would have agreed upon; and that, in considering this supposititious contract for a license to use the improvement in issue, recognition should be accorded the fact that the invention "is at best a narrow advance in the art, and probably without great practical value excepting for the purpose of advancing sales."

The opinion directed attention to testimony pertaining to eight patent royalty agreements touching fishing tackle, level-wind line guides for fishing reels, reel seats for fishing rods, and the like. It was stated that from these agreements, it appeared that the usual rate of royalty "in the fishing tackle industry is four or five percent of the sale price when the license is for the manufacture and sale of a distinctly new, complete article of fishing tackle."

The court allowed, as a reasonable royalty, two and one-half percent on the admitted sales by appellee of reels containing the features of the patent in suit. This amount was calculated to be $37,919.33, for which judgment for appellant was entered, with interest at five percent from the date of the final decree. The costs involved in the accounting reference were directed to be divided equally between the parties.

In our opinion, there is no basis for the insistence that the findings of fact of the District Court are clearly erroneous and should be set aside. Civil Procedure Rule 52, 28 U.S.C.A. following section 723c. Each separate finding is supported by substantial evidence, and governing principles of law were understandingly applied.

■ Even though this court, if sitting as a trial court, might have deduced from the evidence that a larger percentage than the two and one-half percent awarded would have been appropriate as a reasonable royalty, the judgment below, based upon the exercise of sound discretion, should not be disturbed.

We think that no worthwhile contribution to the patent law would result from a detailed review of the numerous authorities cited in the briefs of counsel. All these authorities have been examined, but reference will be limited to those which seem best to illuminate the law of the case.

■ Two decisions in this circuit have plainly established the correctness of the method employed by the District Court in determining a reasonable royalty where there has been no conscious, wilful or deliberate infringement. Horvath v. McCord Radiator & Mfg. Co., 6 Cir., 100 F.2d 326, 335, 336; Egry Register Co. v. Standard Register Co., 6 Cir., 23 F.2d 438, 442, 443.

In the last cited case, Judge Denison said: "The plaintiff having suffered a plain injury, and not having been able to make satisfactory proof of damages, and not being entitled to all the defendant's profits, and not being able to make an intelligent apportionment, we find here a clear instance of that class of cases discussed in United States Frumentum Co. v. Lauhoff [6 Cir], 216 F. 610, 615, where the award of a reasonable royalty is the only solution of the difficulty. This has been sanctioned by the Supreme Court, and we have several times applied it. Dowagiac [Mfg. Co.] v. Minnesota [Moline Plow Co.], supra [235 U.S. 641, 35 S.Ct. 221, 59 L.Ed. 398]. * * * To adopt a reasonable royalty as the measure of damages is to adopt and interpret, as well as may be, the fiction that a license was to be granted at the time of beginning the infringement, and then to determine what the license price should have been. In effect, the court assumes the existence ab initio of, and declares the equitable terms of, a supposititious license, and does this nunc pro tunc; it creates and applies retrospectively a compulsory license. * * * In fixing a reasonable royalty, the primary inquiry, often complicated by secondary ones, is what the parties would have agreed upon, if both were reasonably trying to reach an agreement." Judge Denison commented that while such retroactive determination of value is not easy, it presents no greater difficulties than are met, fairly well, by courts and juries in other fields of litigation.

That the District Court adopted the true principle applicable to the determination of a reasonable royalty is further evidenced from the opinions in Goodyear Tire & Rubber Co. v. Overman Cushion Tire Co., 6 Cir., 95 F.2d 978, 984, and Alliance Securities Co. v. De Vilbliss Mfg. Co., 6 Cir., 76 F.2d 503.

In an accounting for damages for infringement, each case is controlled by its own peculiar facts and circumstances. Pecuniary loss in any event can be determined only by reasonable approximation. The actual value of what has been appropriated is always the ultimate in appraisement. If actual value can be ascertained by a reasonable apportionment of profits and damages, that course should be pursued; but if this cannot be accomplished, the nature of the invention, its utility and advantages, and the extent of use involved, are elements to be considered in determining a reasonable royalty. The District Court recognized and applied these principles. See Clark v. Schieble Toy & Novelty Co., 6 Cir., 248 F. 276; United States Frumentum Co. v. Lauhoff, 6 Cir., 216 F. 610.

The argument of appellee that the improvement disclosed in the patent under consideration was without value, or of only nominal value, was rightly rejected. The appellee, by infringing use, has paid tribute to the utility of the device infringed. As was said by Judge Hickenlooper for this court, in Seymour v. Ford Motor Co., 6 Cir., 44 F.2d 306, 308: "The patent is itself evidence of such utility, and the use of the patented device by the defendant has long been recognized as an admission of this fact, and as creating an estoppel upon the defendant to deny such utility. [Citing numerous cases.]"

There can be no doubt that, as found by the District Court, the substantial value of the Case patent was recognized by the infringer in its catalogues and other advertisements. The advantages proclaimed in these advertisements carry more forceful recognition of the value of the patent infringed than belated denial of its value rejects. Compare Cugley v. Bundy Incubator Co., 6 Cir., 93 F.2d 932, 934.

No error inheres in the avoidance of commingling allowable damages to the appellant from infringement of its Case Patent No. 1,579,076, with those resultant to it from inclusion in the infringing reel of other patents, held void for lack of invention. Marconi Wireless Telegraph Co. of America v. United States, 320 U.S. 1, 50, 63 S.Ct. 1393, 87 L.Ed. 1731; Westinghouse Electric & Mfg. Co. v. Wagner Electric & Mfg. Co., 225 U.S. 604, 620, 32 S.Ct. 691, 56 L.Ed. 1222, 41 L.R.A.,N.S., 653; Sheldon v. Metro-Goldwyn Pictures Corp.,

309 U.S. 390, 402, 406, 60 S.Ct. 681, 84 L. Ed. 825, and cases there cited.

Decisions in this circuit presented by appellant in support of its argument that the District Court should have found the appellee to be a wilful infringer are not in point, because of the easily discernable differentiation in the basic facts of each case cited from those of the case at bar. Brennan & Co. v. Dowagiac Mfg. Co., 6 Cir., 162 F. 472; K. W. Ignition Co. v. Temco Electric Motor Co., 6 Cir., 283 F. 873; Reynolds Spring Co. v. L. A. Young Industries, 6 Cir., 101 F.2d 257, 261; W. S. Godwin Co. v. International Steel Tie Co., 6 Cir., 29 F.2d 476.

The Supreme Court in Dowagiac Mfg. Co. v. Minnesota Moline Plow Co., 235 U.S. 641, 644, 35 S.Ct. 221, 222, 59 L.Ed. 398, pointed out that, where the findings of the masters and the courts below that the infringement was not wanton or wilful were sustained by the evidence, the defendants were not in the situation of the infringing manufacturer in Brennan & Co. v. Dowagiac Mfg. Co. [the first case listed, supra], "of whom the circuit court of appeals for the sixth circuit said [162 F.]' page 476) : 'It has made and sold these infringing drills with a purpose to imitate the patentee's construction.'"

It is as true in this case as it was in Horvath v. McCord Radiator & Mfg. Co., 6 Cir., 100 F.2d 326, 336, that the trial court did not abuse its discretion in finding that the defendant was not guilty of conscious, deliberate and wilful infringement.

In Topliff v. Topliff and Another, 145 U.S. 156, 174, 12 S.Ct. 825, 832, 36 L.Ed. 658, the Supreme Court declared that since the allowance of an increase in damages under the statute rests somewhat in the discretion of the trial court, "we should not be inclined to disturb its finding upon this point, unless the evidence clearly demanded it."

This court upheld the master and the District Judge in the denial of punitive damages, in National Tube Co. v. Mark, 6 Cir., 10 F.2d 430, 433. There, resort was had to the reasonable royalty doctrine, upon the authority of Dowagiac Mfg. Co. v. Minnesota Moline Plow Co., 235 U.S. 641, 35 S.Ct. 221, 59 L.Ed. 398, and Clark v. Schieble, supra, and other cases from this circuit.

To question the validity of a patent does not, of itself, constitute wilful infringement. General Motors Corporation

v. Dailey, 6 Cir., 93 F.2d 938, 942. If honestly mistaken as to a reasonably debatable question of validity, an infringer should not be made to smart in punitive damages. Compensatory damages constitute adequate remuneration for invasion of a patentee's property rights, unless the refusal of the infringer to bow to the presumptive validity of an issued patent is consciously wrongful. A court of equity, exercising patent jurisdiction, does not readily infer wrong motivation upon the part of those resisting the validity of patent claims. Patentees generally entertain suspicion that those who challenge their claims are deliberate malefactors. However bona fide, such suspicions produce no legal effect, unless sustained by evidence substantiating suspicion as truth.

No merit is found in the insistence of appellant that the court abused its discretion in allowing interest from the date of the final decree, rather than from the date of the master's report, and in assessing against it one-half of the costs of the accounting.

With respect to interest, the decree was in conformity with the rule of Duplate Corporation v. Triplex Safety Glass Co., 298 U.S. 448, 459, 56 S.Ct. 792, 80 L.Ed. 1274, that interest upon an award of reasonable royalty should run from the date when the damages are liquidated and not from the date of the last infringement. Upon that authority, this rule has been applied in adjudications in this circuit. Reynolds Spring Co. v. L. A. Young Industries, 6 Cir., 101 F.2d 257, 262; General Motors Corporation v. Dailey, 6 Cir., 98 F.2d 938, 942.

In Du Bois v. Kirk, 158 U.S. 58, 67, 15 S.Ct. 729, 732, 39 L.Ed. 895, the Supreme Court declared that it had formerly held in several cases "that an appeal does not lie from a decree for costs, and, if an appeal be taken from a decree upon the merits, and such decree be affirmed with respect to the merits, it will not be reversed upon the question of costs." This court, in Autographic Register Co. v. Sturgis Register Co., 6 Cir., 110 F.2d 883, 886, upheld the District Court in dividing the costs between the parties in a patent infringement suit. It was stated that the matter of costs is peculiarly within the discretion of the trial court; and no abuse of discretion was found. The same comment is pertinent here.

The decree of the District Court is affirmed.