## MISHAWAKA RUBBER & WOOLEN MFG. CO. v. S. S. KRESGE CO.

### No. 6673.

District Court, E. D. Michigan, S. D.

Sept. 28, 1946.

Eugene M. Giles and Henry M. Huxley, both of Chicago, Ill., and Thomas S. Donnelly, of Detroit, Mich., for plaintiff.

William B. Giles, of Detroit, Mich., for defendant.

LEDERLE, District Judge.

1. This trade mark infringement and unfair competition case is presently before the court for decision on the accounting under interlocutory judgment entered January 21, 1943, on Supreme Court mandate following an opinion reported in 316 U.S. 203, 62 S.Ct. 1022, 86 L.Ed. 1381, modifying, as to the form of provision governing accounting procedure, the interlocutory judgment affirmed in 6 Cir., 119 F.2d 316.

The said judgment on mandate required the defendant to account to the plaintiff for profits unlawfully derived from sales made directly or indirectly by the defendant after May 19, 1933, of rubber heels bearing a red or reddish circular mark appearing upon the face portion thereof, and such damages beyond the loss of profits as might be shown by plaintiff on the accounting, and continued in effect the provision of the judgment appealed from, to the effect that the matter of costs await the disposition of the accounting herein.

2. This case was instituted November 28, 1934, to restrain infringement and unfair competition of plaintiff's registered trade mark No. 36,471, and for the recovery of profits and damages resulting therefrom. Briefly, the plaintiff's trade mark consists of a red circular mark embedded in the center of heels attached to footwear sold by plaintiff. On December 29, 1939, this court adjudged the trade mark valid and infringed by defendant's sale of separate replacement heels bearing a red or reddish circular mark embedded upon the face portion of the heels, and ordered a restraint and accounting in connection with these sales. Plaintiff appealed from this adjudication, claiming error in the provision for accounting procedure, in the provision as to the matter of costs, and in the court's refusal to sustain plaintiff's claims for relief on heels sold by defendant which bore other types of marks. This adjudication was affirmed on appeal; 6 Cir., 119 F.2d 316. In granting plaintiff's request for certiorari as to the accounting procedure, the Supreme Court refused to review the question whether, in view of the restraint of further use of the infringing red or reddish mark, the defendant should be permitted to continue selling heels bearing marks of other types or colors, which plaintiff contended had acquired the same significance of origin because of defendant's mixing and side by side association with goods bearing the infringing marks, plaintiff claiming error in the finding of the District Court, as affirmed by the Circuit Court of Appeals, that the only unlawful actions of defendant were its sales of "Red Crusader" and "Red Surefoot" heels, exemplified by plaintiff's Exhibits 79 and 54, respectively.

3. At the time of entering judgment on the mandate, an order was entered requiring defendant to file with the court a verified statement of account in accordance with the judgment. Defendant filed a detailed statement on April 12, 1943, showing a net profit of $6,047.30 realized from the sale of "Red Crusader" and "Red Surefoot" heels, exemplified by plaintiff's Exhibits 79 and 54, respectively, which had been shipped to defendant between April 1, 1933 and June 30, 1933, and between July 1, 1934 and November 30, 1934, respectively. After hearing objections, and further time being granted for investigation, a supplemental statement was filed by defendant on March 31, 1945, showing a net profit of $912.98 realized from the sale of "Red Crusader" heels since defendant first started selling heels with red marks, namely, those shipped to defendant between January 20, 1933 and March 31, 1933. These statements have been accepted by plaintiff as the basis for its request for the award of profits in relation to its Exhibits 79 and 54.

Plaintiff also contended that it was entitled to a further recovery, and time was granted for further investigation and to permit the making of a further accounting record. During 1946, an accounting hearing lasting several days was held, and the accounting was terminated on July 8, 1946. The matter has been exhaustively argued and briefed.

4. Plaintiff claims judgment in the amount of $141,558.76, plus interest and costs, as follows:

(a) Profits of $6,960.28 realized from defendant's sale of "Red Crusader" and "Red Surefoot" heels, exemplified by plaintiff's Exhibits 79 and 54, respectively, plus interest from date of notice of infringement;

(b) Profits of $12,460 realized from defendant's sale of heels bearing orange inserts, plus interest from date of notice of infringement;

(c) Profits of $20,570 realized from defendant's sale of heels bearing beige, yellow and green inserts, which were mixed with heels bearing red and orange inserts, plus interest from date of notice of infringement;

(d) Damages of $101,568.48, being three times $33,856.16, the total litigation expense and counsel fees paid by plaintiff to its counsel from May 25, 1933 to November 25, 1945, plus interest from date of judgment.

(e) That plaintiff be allowed to tax against defendant costs which were not included in item (d).

5. Defendant contends that plaintiff is entitled to no recovery.

6. There being no dispute between the parties as to defendant's total selling prices of infringing heels nor as to items deductible as costs from defendant's selling prices in arriving at profits, as shown by said statements filed by defendant, an analysis of these computations would serve no useful purpose.

The profits unlawfully derived by defendant from sales made directly or indirectly by defendant after May 19, 1933, of rubber heels bearing a red or reddish circular mark appearing on the face portion thereof was $6,960.28, which was realized from the sale of 43,670 dozen pairs of "Red Crusader" heels, exemplified by plaintiff's Exhibit 79, manufactured and shipped to defendant by Essex Rubber Company between January 20, 1933 and June 30, 1933, and 19,445 dozen pairs of "Red Surefoot" heels, exemplified by plaintiff's Exhibit 54, manufactured and shipped to defendant by O'Sullivan Rubber Company between July 1, 1934 and November 30, 1934.

7. Defendant has not shown that its infringement of plaintiff's trade mark had no cash value to defendant in sales specified in finding 6.

8. It is the law of this case that heels sold by defendant of types other than those specified in finding 6 did not infringe or unfairly compete with plaintiff's trade mark and business, and did not acquire the same significance of origin because of defendant's mixing and side by side association for sale with heels specified in finding 6. Sales of such other types of heels did not result directly or indirectly from defendant's sale or offering for sale of heels specified in finding 6.

9. Defendant's infringement was neither deliberately wilful nor in bad faith. The harshest characterization that can be placed on defendant's actions prior to this suit is that it regarded plaintiff's claim of infringement as lacking in merit, although upon plaintiff's notice of claimed infringement in May, 1933, defendant offered for the sake of business amity to notify its supplier to use a color unlike red on the heel it was then selling, the Essex "Red Crusader" heel, exemplified by plaintiff's Exhibit 79. Defendant so instructed its supplier of these heels, and within a month shipment of "Red Crusader" heels to defendant ceased. Plaintiff next complained in February, 1934, that other heels sold by defendant infringed its trade mark. Plaintiff instituted this action in November, 1934. Defendant contested in good faith all claims of infringement and unfair competition charged herein, its defense was sustained in part, and its defense on the limited relief granted to plaintiff was reasonably debatable.

10. There were no damages suffered by plaintiff from trade mark infringement or unfair competition beyond the loss of profits specified in finding 6.

## Conclusions of Law

1. In case of trade mark infringement and unfair competition, the trade mark owner is entitled to recover the

profits to be accounted for by the infringer, and in addition any damages sustained as a result of the defendant's unlawful acts. 15 U.S.C.A. § 99.

■ 2. Where, as here, it appears that a trade mark infringer has derived profits of $6,960.28 from the sale of goods bearing infringing marks after notice of infringement, and the infringer has not shown that his infringement had no cash value in sales made by it, the trade mark owner is entitled to such profits. Mishawaka Rubber etc. Mfg. Co. v. Kresge, 1942, 316 U.S. 203, 62 S.Ct. 1022, 86 L.Ed. 1381.

■ 3. The general rule in trade mark and unfair competition cases, as in patent cases, is that an award of profits to plaintiff carries interest from the date the award is liquidated, and not from the date of notice of infringement, where, as in this case, there are no exceptional circumstances justifying a departure from that rule. The profits being liquidated herein and first judicially ascertained by the court as of this date, the award specified in conclusion of law 2 will carry interest at 5% per annum from this date. Crosby Steam Gage Co. v. Consolidated Safety Valve Co., 1891, 141 U.S. 441, 12 S.Ct. 49, 35 L.Ed. ·809; Duplate Corp. v. Triplex Co., 1935, 298 U.S. 448, 56 S.Ct. 792, 80 L.Ed. 1274; General Motors Corp. v. Dailey, 6 Cir., 1937, 93 F.2d 938; Reynolds Spring Co. v. Young Industries, 6 Cir., 1939, 101 F.2d 257; Enterprise Mfg. Co. v. Shakespeare Co., 6 Cir., 1944, 141 F.2d 916; 3 Walker on Patents, Deller's Ed., Sec. 864.

■ 4. In a trade mark infringement and unfair competition case, where, as here, the trade mark owner has suffered no damages beyond loss of profits, no damages beyond loss of profits should be awarded. Miskawaka Mfg. Co. v. Kresge Co., 1942, 316 U.S. 203, 62 S.Ct. 1022, 86 L.Ed. 1381.

■ 5. In a trade mark and unfair competition case, where, as here, defend-

ant's infringement was neither deliberately wilful nor in bad faith, and it contested in good faith and reasonably all claims of unlawful action, upon which its defense was sustained in part, and the trade mark owner suffered no damages beyond loss of profits, there is no basis for a punitive or exemplary award beyond loss of profits. Enterprise Mfg. Co. v. Shakespeare Co., 6 Cir., 1944, 141 F.2d 916.

■ 6. In a trade mark and unfair competition case where, as here, plaintiff claims in the trial court, in the Circuit Court of Appeals, on application for certiorari and during the subsequent accounting that it is entitled to relief as to six types of heels sold by defendant, all of which defendant defends reasonably and in good faith, and relief limited to two types of heels only is granted to plaintiff throughout, sustaining in part each party's contentions, neither party should be required to bear the burden of the other's litigation expenses, attorney fees or costs.

7. In an accounting following appeal to the Circuit Court of Appeals and the Supreme Court from interlocutory judgment, this court is bound by the law of this case as previously determined.

8. Accordingly, a judgment is being entered simultaneously herewith, providing as follows:

(a) That the plaintiff recover from the defendant the sum of $6,960.28 with interest at 5% per annum from this date.

(b) That no litigation expenses, attorney fees or costs be awarded to either party, and that each party shall bear its own litigation expenses, attorney fees and costs.

(c) That all other relief requested upon this accounting be denied.

(d) That, except as specifically provided above, the interlocutory judgment on mandate entered herein on January 21, 1943, shall remain in full force and effect.