KELLOGG SWITCHBOARD & SUPPLY CO. v. MICHIGAN BELL TELE- PHONE CO. et al.

No. 4459.

District Court, E. D. Michigan, S. D.

May 1, 1947.

Arthur C. Beaumont of Whittemore, Hulbert & Belknap, all of Detroit, Mich., and Edward A. Haight (of Haight, Goldstein & Hobbs), of Chicago, Ill., for plaintiff.

Thomas G. Long of Butzel, Eaman, Long, Gust & Kennedy, all of Detroit, Mich., and Henry R. Ashton of Fish, Richardson & Neave, all of New York City, for defendants.

LEVIN, District Judge.

This case is before the Court upon a motion filed by defendants on December 30, 1946, for an order vacating a paragraph of the decree providing that the plaintiff recover from the defendants the damages which the plaintiff has suffered, and the profits which the defendants have made by reason of defendants' infringement of a patent owned by plaintiff, and providing for a reference of the cause to a Special Master to take and report an account of such damages and profits. The grounds for the motion appear hereafter.

The complaint in this case was filed on September 30, 1930. On November 23, 1933, the opinion which is reported in D. C., 5 F.Supp. 118, was filed and the decree entered. No appeal was taken by defendants from the decree of infringement in this case; however, plaintiff appealed from the decree insofar as it held one of the patents in question invalid and not infringed. Pending the disposition of the appeal, the plaintiff did not proceed with the reference, although no order staying proceedings under the decree was made by this Court. The United States Circuit Court of Appeals for this Circuit affirmed the decree, and on October 24, 1939, approximately six years after the decision, the mandate of the Appellate Court was filed with this Court.

By this time, the Special Master originally appointed to conduct the accounting had died, but no application for the appointment of a substitute Master was made for nearly three years after the filing of the mandate. It appears that during this period some negotiations were entered into between the parties looking toward a settlement of the case. On October 15, 1942, an order was entered by the Court appointing Donald L. Quaife as successor Special Master under the decree of November 23, 1933. A master's summons prepared by counsel for plaintiff, directing defendants to file a statement of account, was issued by the successor Master on October 20, 1942.

Shortly thereafter, on December 3, 1942, defendants filed a motion directed to the same objectives as the present motion. The ground asserted was the unreasonable delay on the part of plaintiff in proceeding with the accounting. At the hearing on such motion, defendants also urged as an additional ground that the only possible recovery would be so small as not to justify the expense of an accounting. The motion was denied and an order to such effect was entered on January 4, 1943.

When the Court announced its decision denying the motion, counsel for the defendants stated their intention of asking for a postponement of the accounting for the duration of the war. However, for a number of months thereafter settlement negotiations were conducted between the attorneys for the parties, and appropriate extensions of time for compliance by the defendants with the Master's summons were obtained.

The settlement negotiations having apparently failed, on March 30, 1944, the defendants filed a motion to suspend the accounting proceedings for the duration of the war, on the ground that the time of numerous engineers and other skilled employees would necessarily be diverted from the war effort if required to be devoted to the preparation and assembly of the extensive data called for by the Master's summons. During the course of hearings on this motion, plaintiff agreed to modification of the summons so as to eliminate any claim for profits based upon savings in manufacturing costs of the infringing device and to confine its claim to savings based upon use. This modification was calculated greatly to reduce the volume of data required to be furnished by defendants, and the Court therefore directed defendants to file their statement of account in response to the summons on or before January 8, 1945. The proceeding by the defendants to delay the accounting, followed by the filing of their statement with the Master on January 8, 1945, were the proceedings last taken by either of the parties prior to the pending motion, in implementation of paragraph 7 of the decree. The motion of

the defendants and the filing of the statement were consistent only with an unqualified recognition by the defendants of the full force of the decree for the recovery by the plaintiff of such damages and profits as would be determined by the accounting.

It appears that subsequently, on two occasions, the Master addressed letters to counsel for the parties, inquiring whether further proceedings were intended to be taken and stating that he assumed the next step was the responsibility of the plaintiff. Defendants' counsel acknowledged receipt of these letters, but plaintiff's counsel did not reply to them. Early in 1946, plaintiff's counsel wrote to defendants' counsel stating that testimony would be necessary before the Master and suggesting a conference between the attorneys, which, however, was never held.

In December, 1944, the judge who conducted the case died, and in the early part of 1946 the judge who thereafter assumed charge of the proceedings resigned. On December 12, 1946, this Court addressed a letter to all counsel of record, reciting the facts which appeared from the record and inquiring whether further proceedings in pursuance of the decree were contemplated by the parties. To this letter, plaintiff's counsel replied that plaintiff was prepared to bring on the reference within a reasonably short time and at a time convenient to the defendants and to the Master. Defendants thereupon filed the pending motion.

The motion of defendants is based upon two grounds—first, and primarily, the unreasonable delay of plaintiff in prosecuting the accounting; and second, that in any event the only possible result of carrying through the accounting would be an award of nominal, or at most, insignificant damages to plaintiff, thus rendering the proceeding a futile one. With respect to the claim of delay, defendants contend that plaintiff was free to prosecute the accounting during the period of the appellate proceeding; that plaintiff was dilatory in prosecuting the appeal and in applying for the appointment of a successor master after the mandate of the Court of Appeals affirming the decree had been handed down; and, finally, that plaintiff has been guilty of inexcusable delay of two years duration in prosecuting the accounting after defendants filed their statement of account. While defendants claim that a showing of actual prejudice to them resulting from the delay is unnecessary under the law to justify the relief sought on the motion, they contend that such prejudice has been shown to exist here by reason of the death of the member of the law firm representing defendants who acted as counsel on the trial and on the appeal, the death of the Special Master originally appointed, the death of the trial Judge who was familiar with the facts, and by reason of the retirement of their general patent counsel, who was active throughout the case; they assert as well as a ground of prejudice the loss of various employees of defendants whose duties related to the matters involved in the accounting. These circumstances, the defendants say, would make it extremely difficult if not impossible for justice to be done on the accounting and would greatly increase the expense of the proceedings. Finally, the defendants claim that plaintiff is not entitled to any further indulgence, inasmuch as dilatoriness in patent litigation has been a habit with plaintiff, citing the case of Kellogg Switchboard & Supply Company v. Dean Electric Co. et al., D. C., 231 F. 194, and the case of the same title in D. C., 231 F. 197, where delay on the part of the plaintiff was commented upon by the Court.

Plaintiff, on the other hand, claims that there has been no unreasonable delay, and that in any event there is no showing of injury to defendants from such delay as has occurred. Plaintiff states that its failure to proceed with the accounting during the appeal was due to a natural and reasonable desire on its part to avoid having separate accounting proceedings on related patents, which would have resulted if it had proceeded with the accounting in this case and the Appellate Court had reversed the District Court in its holding of non-infringement of the other patents involved in this and a companion patent infringement case. With respect to the delay which has occurred subsequent to the filing of the mandate of the Circuit Court of Appeals herein, plaintiff says this is attributtal to factors for which it cannot be held blameworthy—the settlement negotiations between the parties, the interference of the war, illness of office

counsel, and the request of defendants themselves for a postponement of the accounting embodied in the motion to that effect which was filed by them. Plaintiff further claims that the matter has already been determined by the Court's decision on the similar motion filed by defendants in 1942.

■ In passing upon this motion, it should first be noted that the Court is not entirely free to consider the problem in the same way as it could if such a motion were being made for the first time, but must take into consideration the fact that a virtually identical motion was made by defendants in 1942 and decided by this Court at that time adversely to the defendants. To some extent, the present motion of defendants and the argument in support of it constitutes an attempt to reverse the prior decision of the Court. It is evident from the record that the motion was fully argued before the Court, and the same arguments now advanced by defendants were then made. Then, as now, the defendants claimed that the delay was prejudicial for the same reasons, in large part, which are here presented. It is well established that a District Judge should not overrule the decision of another Judge of the same Court, in the absence of the most compelling reasons for so doing. For a full discussion of the applicable Federal and State authorities, see Peterson v. Hopson, 306 Mass. 597, 29 N.E.2d 140, 132 A.L.R. 1.

■ For the period since January, 1945, there is no evidence of undue delay on the part of the plaintiff in pressing the accounting. As to the prior period, to the extent that it may be material, the facts are not such as to invite the conclusion that the delay, under all the circumstances, is the sole responsibility of the plaintiff. The plaintiff was granted by the terms of the decree, a fixed and definite right of recovery. The deprivation of this right is not a just or warranted penalty for such lack of vigor as might be attributed to the plaintiff.

■ The Court likewise is of the opinion that defendants' motion should not be sustained on the second ground advanced by it —namely, the claimed lack of possibility of more than a nominal recovery on the accounting. Defendants contend that, under the doctrine of apportionment (Dowagiac Manufacturing Co. v. Minnesota Moline Plow Co., 235 U.S. 641, 35 S.Ct. 221, 59 L. Ed. 398; Clark v. Schieble Toy & Novelty Co., 6 Cir., 248 F. 276; Alliance Securities Co. v. DeVilbliss, 6 Cir., 76 F.2d 503), any recovery of profits or damages herein must be restricted to those resulting from defendants' use of the non-interfering answering device, said to constitute the germ of the invention embodied in the patent. It is claimed that defendants' statement of account shows conclusively that no savings resulted from this device, because, when removed from defendants' switchboards after issuance of the injunction, no increase in operating costs resulted. This Court is not unmindful of the claims advanced by the defendants that to carry on the proceedings to completion would involve great expenditure of time and money, but it cannot at this time acquiesce in the argument that there is no possibility of substantial recovery under the decree and upon completion of the accounting pursuant thereto. The fact that the defendants see no possibility for the plaintiff to recover as a result of the accounting ordered by the Court, cannot deprive the plaintiff of its right to seek a realization of its hope for substantial benefits. This right to the plaintiff was confirmed in 1943, as hereinbefore set out, by the refusal of the Judge who signed the decree to vacate the provision for the accounting.

An order will be entered denying the motion of defendants, but without prejudice to its renewal in the event that plaintiff does not proceed with the accounting with due diligence. The reference of the cause to the Special Master to conduct the accounting will continue in force.