## KILPATRICK *v.* TEXAS & PACIFIC RAILWAY CO.

No. 233, Misc.   Argued February 8, 1949.—Decided May 31, 1949.

*William H. DeParcq* argued the cause for petitioner. With him on the brief were *Gerald F. Finley* and *Arnold B. Elkind.*

*Porter R. Chandler* argued the cause for respondent. With him on the brief were *Theodore Kiendl, Cleveland C. Cory* and *William H. Timbers.*

*Frank Y. Gladney, James C. Jones, Jr.* and *Lon Hocker, Jr.* filed a brief for the New York, Chicago & St. Louis Railroad Co., as *amicus curiae,* in support of respondent.

MR. CHIEF JUSTICE VINSON delivered the opinion of the Court.

This litigation has a rather involved history.   In 1946, while in the employ of respondent railroad, petitioner

was seriously injured in an accident at Big Spring, Texas. Petitioner promptly brought suit under the Federal Employers' Liability Act [1] in the United States District Court for the Southern District of New York. That court dismissed the action on the ground that the railroad could not properly be served in that district. 72 F. Supp. 635 (1947).. Petitioner appealed from this dismissal; and, some days after taking the appeal, instituted an action in the District Court for the Northern District of Texas. An answer was filed in the latter action and a number of depositions were taken.

In March, 1948, the Court of Appeals for the Second Circuit held that the railroad was subject to service in New York. 166 F. 2d 788. Thereupon petitioner moved to dismiss his Texas action. When the district court refused to dismiss, petitioner appealed and also applied for a writ of prohibition to the Court of Appeals for the Fifth Circuit. That court declined to issue the writ. 167 F. 2d 471 (1948). In No. 275, petitioner requests this Court to issue a writ of certiorari to review the Court of Appeals action. And in No. 119 Misc., we are asked to issue a writ of prohibition directing the District Court for the Northern District of Texas not to proceed with the trial. We are advised that counsel have arranged that further progress of the Texas trial shall be held in abeyance pending our decision. We are this day denying those petitions. See *post,* p. 912.

When the New York cause was returned to the district court, after we had denied the railroad's petition for certiorari to review the Court of Appeals' determination that it might be sued there, 335 U. S. 814 (1948), petitioner moved for a preference in the order of trial. The court below, the United States District Court for the Southern

---

[1] 35 Stat. 65, as amended by 36 Stat. 291, and 53 Stat. 1404, 45 U. S. C. §§ 51–59.

District of New York, denied this motion. Respondent filed a cross-motion for an order transferring the action to the United States District Court for the Northern District of Texas. This motion was granted. The order of transfer relies on the authority of 28 U. S. C. § 1404 (a),[2] and cites *Hayes* v. *Chicago, R. I. & P. R. Co.,* 79 F. Supp. 821 (1948), and *Nunn v. Chicago, M., St. P. & P. R. Co.,* 80 F. Supp. 745 (1948). To nullify this order, petitioner moved this Court for leave to file a petition for a writ of certiorari or a writ of mandamus or any appropriate relief. We assigned the case for hearing on the motion for leave to file. 335 U. S. 897 (1948).

In support of his motion, petitioner urges that the general purposes of the 1948 revision of Title 28 by the Congress indicate no intention to "emasculate" the right to choose venue afforded under the Federal Employers' Liability Act; that "any civil action," as used in § 1404 (a) of the Code, refers only to civil actions specified in the Venue Chapter of Title 28 (§§ 1391–1406, inclusive); and that the court below "ignored the known temper of legislative opinion" as revealed chiefly by Congressional action on the Jennings Bill.

We fail to see anything in these contentions which can distinguish this case from *Ex parte Collett,* decided this day, *ante,* p. 55. In that opinion we have demonstrated that the venue provisions of § 6 of the Federal Employers' Liability Act are one thing and the transfer provisions of § 1404 (a) of the present Judicial Code another; that "any civil action" means what it says; and that Congress was fully informed as to the significance

---

[2] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This provision became effective Sept. 1 1948. Act of June 25, 1948, 62 Stat. 869, 992, § 38.

of § 1404 (a). For these reasons, we conclude that the District Court for the Southern District of New York acted within its statutory authority. The motion must be

*Denied.*

[For opinion of MR. JUSTICE RUTLEDGE concurring in the result, see *ante,* p. 72.]

MR. JUSTICE BLACK and MR. JUSTICE DOUGLAS dissent for the reasons stated in the dissenting opinion of MR. JUSTICE DOUGLAS in *United States* v. *National City Lines, post,* p. 84.