## ATLANTIC COAST LINE R. CO. v. DAVIS.

## In re ATLANTIC COAST LINE R. CO.

Nos. 13345, 13346.

United States Court of Appeals
Fifth Circuit.

Nov. 16, 1950.

Rehearing Denied (No. 13346) Dec. 27, 1950.

Charles Cook Howell, Jr., Wm. M. Howell, Jacksonville, Fla., Charles Cook Howell, Wilmington, N. C., for appellant.

Evan T. Evans, Jacksonville, Fla., Herbert S. Ogden, Chicago, Ill., for appellee.

Before McCORD, BORAH and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

We have for consideration both an appeal and an application for the issuance of the writ of mandamus both of which seek, in substance, to have set aside an order of the District Court for the Southern District of Florida directing the transfer of the case of Flora Davis, Administratrix of the Estate of Calvin Davis, deceased, against the Atlantic Coast Line Railroad Company to the United States District Court for the Southern District of New York.

The facts underlying both of these proceedings are as follows: Flora Davis, as Administratrix aforesaid, instituted in the United States District Court for the Southern District of New York, a suit based upon the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and against the railroad company seeking recovery for the death of her husband while he was in its employ. The Southern District of New York was a permissible venue for the suit. The administratrix, as was her decedent, is a resident of the Southern District of Florida. It was there that the fatal injuries were suffered as the result of the alleged negligence of the railway employer of the decedent, and it was likewise there, or nearby, where all of the witnesses resided. Upon a proper motion made by the defendant to the New York Court in which the proceeding was pending, Judge Bondy, relying upon the ruling in Pascarella v. New York Central R. Co.,[1] was of the opinion that the plaintiff might have an unqualified right to try this action in his Court (because arising under the Federal Employers' Liability Act), but concluded that even if the Court had power to transfer the action, the Court in its discretion would deny "the motion in the interest of justice, assuring a speedy final determination of the case." Following the decision in Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 959, 93 L.Ed. 1207, the defendant-movant for transfer renewed

1. D.C., 81 F.Supp. 95.

the motion by an application for a reargument and for an order granting the defendant's motion to transfer the action to the Southern District of Florida. Thereafter upon consideration of Ex parte Collett, supra, "and of the fact that the trial in this district would impose serious inconvenience on the defendant and witnesses, and that the condition of the calendar of this Court makes it likely that this action would be reached for trial sooner in the United States District Court for the Southern District of Florida," the Court granted the motion to transfer and by an order set aside the former order and directed that the cause be transferred to the Southern District of Florida. This was done on September 23, 1949. The case was accordingly transferred and trial begun in the Florida Court on March 10, 1950. The jury failed to reach a verdict and an order was entered declaring a mistrial. The case was again tried beginning June 22, 1950, and again the jury failed to reach a verdict and an order declaring a mistrial was entered. Immediately upon entry of the declaration of the second mistrial, counsel for the plaintiff orally moved the Court for a retransfer of the cause back to New York.[2] This motion was opposed by the defendant. The Court took the matter under advisement and thereafter, reciting in substance what is stated

above, and declaring it to be "in the discretion of this Court and in the interest of justice and pursuant to the provisions of said Section [1404(a)]" granted the motion and ordered the cause to be transferred to the District Court of the Southern District of New York. The defendant has entered an appeal from this order in pursuance of which an order superseding the transfer has been granted by the trial Court. The defendant also filed an application for and secured leave to file in this Court an application for the writ of mandamus to require the Court and the Judge thereof who presided in the cause to vacate and set aside the order of transfer. In his answer to the order to show cause, the Honorable District Judge refers to his order of retransfer and further responds.[3]

At the outset of our consideration of the propriety of the retransfer, we are faced with the question of our jurisdiction either to issue the writ, or to consider the appeal. We think it clearly apparent from the facts stated that this is an extraordinary cause, and that it is of a nature which renders the likelihood of any fair and effective correction of the action of the Court by subsequent appeal, if this should be determined legally necessary, highly improbable, if not impossible.[4] There is present the question of the construction of section 1404(a) of Revised

2. "I wish to make a motion, Your Honor. The plaintiff now moves, under Section 1404-A, to re-transfer this action for trial, back to New York, where it was originally started. It is apparent that in the interest of justice, that should be done. The convenience of witnesses is no longer a consideration. There have been two trials in this case and the testimony of all of the witnesses can be read without any necessity of transporting the witnesses themselves, and I respectfully request Your Honor to re-transfer this case to the district in which it was originally started, where, by law, it was authorized to be commenced."

3. "The reason for transferring the Davis case from the Southern District of New York to the Southern District of Florida is no longer present in the case as it has been twice tried in the Southern District of Florida and complete records of all testimony of all known parties and wit-

nesses, taken at these trials, is available to the parties. The fact that two mistrials were had makes it extremely doubtful if a third trial in the Southern District of Florida would result in a victory for either side and 'in the interest of justice' (Title 28, U.S.C.A., Section 1404(a) ), this case should have been transferred to another District for trial and expeditious disposition. The old maxim, 'Justice delayed is justice denied' controlled this court in entering the order transferring the case to the point of origin for further handling by that court, as authorized by Title 28 U.S.C.A., Section 1404(a).

"Having fully answered the order to show cause, respondent prays to be instructed as to the appropriate procedure in such case, as he will ever pray."

4. Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949; Magnetic Engineering Co. v. Dings Mfg. Co., 2 Cir., 178 F.2d 866.

Title 28 U.S.C.A.,[5] and whether that section contemplates only one or plural transfers. Our attention has been directed to no adjudication of this question by any Court. In any view, the proceeding here involves determination of whether this section contemplates, or authorizes, in any event, a retransfer as ordered here (to the Court, not where "it might have been brought" but to where it originally had been brought), when in the Court to which once transferred jurisdiction of the cause had been accepted without question, and two trials had, and when such transfer is predicated only upon the grounds relied upon. We have concluded that under the facts of this case this Court has jurisdiction to issue the writ if necessary.

We are of the opinion that the grounds upon which the Court rested his decision ordering the retransfer are so wholly insufficient to support the order and to bring it within the terms of section 1404(a), supra, that the order retransferring the case, in substance, evidences an unwarranted renunciation of jurisdiction, if not also an act beyond the Court's jurisdiction, sufficient to sustain our jurisdiction to issue the writ in aid and maintenance and protection of this Court's appellate jurisdiction. We consider the present case to fall under the provisions of Title 28 U.S.C.A. § 1651(a),[6] in principle within the rulings in such cases, among others, as McClellan v. Carland, 217 U.S. 268, and citations page 280, 30 S.Ct. 501, 504, 54 L.Ed. 762.[7] Ex parte Peru, 318 U.S. 578, 583, 63 S.Ct. 793,

796, 87 L.Ed. 1014,[8] and U. S. Alkali Ass'n v. U. S., 325 U.S. 196, 201, 65 S.Ct. 1120, 89 L.Ed. 1554 and cases cited. This power is tacitly recognized in Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 959, 93 L.Ed. 1207 and the cases following it of Kilpatrick v. Texas & Pacific R. Co., 337 U.S. 75, 69 S.Ct. 953, 959, 93 L.Ed. 1223 and United States v. National City Lines, 337 U.S. 78, 69 S.Ct. 955, 959, 93 L.Ed. 1226. Though the Court in each of these cases denied the motion for the writ, the merits of the question were fully considered and discussed, and under the decisions there was no occasion to order the issuance of the writ. The Court of Appeals for the Second Circuit has declared its jurisdiction to issue the writ, in case of only a refusal to transfer in Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, certiorari denied 71 S.Ct. 79 and also in Foster-Milburn Co. v. Knight, supra, where it was found that section 1404(a) would not authorize the transfer of the cause.

We turn then to the merits. Considering section 1404(a), supra, in the light of its purpose and its relation to the doctrine of *forum non conveniens*,[9] but authorizing transfer rather than dismissal of the suit,[10] it could be reasonably argued that the statute envisions and authorizes, after the plaintiff has made the permissible choice of venue, only one determination thereafter of the venue for trial which will best serve "the convenience of parties and witnesses, in the interest of justice" and that this determination settles the mat-

---

5. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought"

6. "(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

7. "We think it the true rule that where a case is within the appellate jurisdiction of the higher court, a writ of mandamus may issue in aid of the appellate jurisdiction which might otherwise be de-

feated by the unauthorized action of the court below."

8. "The historic use of writs of prohibition and mandamus directed by an appellate to an inferior court has been to exert the revisory appellate power over the inferior court. The writs thus afford an expeditious and effective means of confining the inferior court to a lawful exercise of its prescribed jurisdiction, or of compelling it to exercise its authority when it is its duty to do so."

9. Ex parte Collett, supra.

10. Amalgamated Ass'n, Etc. v. Southern Bus Lines, 5 Cir., 172 F.2d 946; Jiffy Lubricator Co. v. Stewart-Warner Corporation, 4 Cir., 177 F.2d 360.

er. This application of the statute would remove any possibility of shuttling of the cause or of conflict between the several district courts, each of coordinate jurisdiction, which would arise from plural transfers. There is room for wide divergence of conclusion as to what serves convenience and justice. But we need not now determine the precise limitation implicit in the statute, since we are firmly of the opinion that the circumstances here presented are in any event wholly insufficient to authorize the retransfer directed by the Court. The reasons assigned do not legally support the order. The necessity for the direction of two mistrials evidences regrettable consumption of judicial and litigational time and expense, but, in the very nature of our jury system, it fails to establish either that injustice has been done, to prevent recurrence of which the cause should be transferred, or that another trial would not result in the rendition of a proper verdict. To hold otherwise would imply, without proof, that irremedial defects existed in the entire jury list. We know that such implication was here not in the slightest degree entertained by the District Judge, nor would he desire us to credit it. We think there was instead a misconception of his power under section 1404(a), supra, and of the permissible weight to be given the fact of mistrials.

It is likewise clear that the fact that the witnesses had already testified, and their evidence recorded, does not support a determination that the matter of the convenience of the witnesses (not to mention the parties) is therefore no longer involved. The amount of damages sued for, $150,000, is substantial, and it appears that the supporting facts are sufficient, if the liability of the defendant be established, to authorize recovery of a substantial sum. It would be contrary to experience and trial observation to assume that the parties could safely forego presenting their witnesses to the jury to orally deliver their testimony, with consequent opportunity for observance by Judge and jury of those attributes which the law and experience of the ages declares may afford a proper guide in determining credibility.

These intangibles, well understood by the profession, are broadly comprehended in "the manner and demeanor of the witnesses on the stand." In every real sense, the question of the convenience of the parties and witnesses in the interest of justice was unchanged by the existence of the transcripts of the evidence.

Under the circumstances of this case, the retransfer evidenced the renunciation or abandonment of a jurisdiction the Court was legally required to exercise in order to terminate the cause lawfully pending before it.

■■■ We do not consider the appeal, and order it dismissed. The result secured by our disposition of the application for the writ is, however, substantially the same as if reached upon appeal, extending only to effect the vacation and setting aside of the order directing the transfer. The papers have not been actually transferred. The esteemed District Judge, in that spirit of always seeking after the right, which is characteristic of him, has prayed "to be instructed by this Honorable Court as to the proper procedure in the premises." The expression of our conclusions makes clear that we think the Court should vacate and disregard the order of retransfer and let the cause proceed to trial in the Southern District of Florida.

In this posture of the case, we perceive no occasion for the issuance of the writ at this time.

### On Petition for Rehearing
### (No. 13346)

The respondent herein has filed a petition seeking a rehearing and reconsideration of the cause; moving the Court to certify stated questions to the Supreme Court, and further moving that the issuance of the mandate be stayed pending final determination by the Supreme Court of such questions and upon his petition to that Court "for a writ of prohibition, mandamus and/or certiorari" to this Court.

■■■ From the respondent's allegations it is clear that this Court misconceived the respondent's intention in praying the instructions of this Court as to the proper procedure in the premises, referred to in the orig-

inal opinion, and in consideration of which this Court did not direct the issuance of the writ of mandamus. Since further proceedings are contemplated, it is necessary that final and definitive judgment should be rendered as a predicate for them. The opinion heretofore rendered by the Court is amended by adding to it the direction hereby given, to-wit, that the writ of mandamus should issue from this Court as prayed by the petitioner, Atlantic Coast Line Railroad Company, directing the respondent to disregard, vacate and set aside the order directing the transfer of the cause of Flora Davis against Atlantic Coast Line Railroad Company to the Southern District of New York, and to restore the cause to the trial docket of the United States District Court for the Southern District of Florida, Jacksonville Division, as if no order of transfer had been entered.

The petition for rehearing and certification of questions to the Supreme Court is denied. The Court will direct a stay of the enforcement of the writ and of the issuance of the mandate to afford opportunity for the appellate proceedings desired to be undertaken by respondent.