**WIREN v. LAWS, Chief Judge of the United States District Court for the District of Columbia.**

**WIREN v. PARAMOUNT PICTURES, Inc.**

Misc. No. 283; No. 10915.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 16, 1951.

Decided Dec. 27, 1951.

James M. Landis and William T. Hannan, Washington, D. C., for petitioner in Misc. No. 283 and appellant in No. 10915.

William E. Leahy and William J. Hughes, Jr., Washington, D. C., for appellee in No. 10915.

William E. Leahy and William J. Hughes, Jr., Washington, D. C., filed a brief as amicus curiae in Misc. No. 283.

Before EDGERTON, PRETTYMAN and BAZELON, Circuit Judges.

BAZELON, Circuit Judge.

Petitioner in Misc. No. 283, Myra Page Wiren, seeks leave in this court to file a petition for a writ of mandamus directing the Honorable Bolitha J. Laws, Chief Judge of the United States District Court for the District of Columbia, to vacate and set aside an order transferring to the Southern District of New York a suit which petitioner has brought in the District of Columbia. Attached to the petition for leave to file is a petition for the writ. Petitioner shows that some years ago she brought a suit against certain defendants in the United States District Court for the Southern District of New York. Her present suit in

the District of Columbia, filed September 28, 1948, against the same defendants, is based upon allegations that the final judgment against her in the New York suit was obtained by fraud and corruption. Answers to her complaint were filed in December 1948. Paramount Pictures, Inc., one of the defendants, subsequently filed a motion for summary judgment on October 19, 1949, which it withdrew in order to file a motion to dismiss on November 8, 1949. After submission of briefs and argument on the motion to dismiss, the trial judge, by memorandum on March 15, 1950, suggested, *sua sponte,* the transfer of the cause to the Southern District of New York. Plaintiff filed a memorandum setting forth her opposition to the transfer. On July 12, 1950, the trial judge filed a memorandum opinion, in which he decided that the case should be removed. The final order of transfer was entered on October 25, 1950, more than two years after the filing of the complaint. No action was taken by the trial court with regard to defendant Paramount Pictures' motion to dismiss.

Two cases are before us. One (Misc. No. 283) is the petition to which we have referred. The other (No. 10915) is an appeal from the order of transfer.

 The order of transfer was issued in reliance on 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." It is urged at the outset that the order contemplated by the quoted statute is interlocutory in nature and may neither be appealed nor subjected to the review incidental to a mandamus proceeding. It is clear enough that the order is not appealable and we do not understand

appellant to make any contention to the contrary. But the question of review by mandamus is one of first impression in this circuit, though it has been the subject of decision in several other circuits. The consensus of such decisions is that jurisdiction to issue the writ in aid of the reviewing courts' appellate jurisdiction exists where the grounds for transferring the cause are insufficient to support the order and to bring it within the terms of the statute.[1] And so understood we are in agreement. If we were to hold even unauthorized orders of transfer to lie beyond our control, the effect would be to deprive litigants of forums to which they are entitled. The only appealable order which would ultimately issue in the wake of such a disclaimer on our part would then be in the forum to which the cause had been transferred and perhaps only after the case had been disposed of on the merits. But see Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 2 Cir., 1950, 178 F.2d 866. Neither the statute nor the cases require such a result. We hold that an order of transfer pursuant to 28 U.S.C. § 1404(a) may be reviewed in the light of the criteria customarily associated with mandamus and similar remedies.

. Those criteria, applied to the § 1404(a) situation, have been set out by Judge Frank in Ford Motor Co. v. Ryan, 2 Cir., 1950, 182 F.2d 329, 330. After pointing out that the question is "whether the judge abused his discretion," he continues: " * * * by § 1404(a), Congress did not alter the standard theretofore embodied in the doctrine of *forum non conveniens,* despite the fact that that section is applicable to types of actions to which that doctrine did not previously apply. So we read Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 959, [93 L.Ed. 1207] 10 A.L.R.2d 921, and United

1. Atlantic Coast Line R. Co. v. Davis, 5 Cir., 1950, 185 F.2d 766, 770, held that mandamus would lie; as did Paramount Pictures v. Rodney, 3 Cir., 1950, 186 F. 2d 111, 116, certiorari denied, 1951, 340 U.S. 953, 71 S.Ct. 572, 95 L.Ed. 687. Three other circuits have clearly indicated that under proper circumstances the writ would issue to prevent a transfer but, in the particular factual situation involved, did not issue the writ. See Nicol v. Koscinski, 6 Cir., 1951, 188 F.2d 537, 538; Shapiro v. Bonanza Hotel Co., 9 Cir., 1950, 185 F.2d 777; Ford Motor Co. v. Ryan, 2 Cir., 1950, 182 F.2d 329, certiorari denied, 1950, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624. *But cf.* Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 2 Cir., 1950, 178 F.2d 866.

States v. National City Lines, 337 U.S. 78, 69 S.Ct. 955, [93 L.Ed.] 1226, 10 A.L.R.2d 921. On that basis, these words found in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, still have full vitality: 'But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.' Those words we interpret to mean (a) that a defendant has the burden of making out a strong case for a transfer and (b) that the plaintiff's privilege, conferred by statute, of choosing the forum he selected is a factor to be considered as against the 'convenience' of the witnesses or what otherwise might be the balance of 'convenience' as between 'the parties.' "

 Turning to the merits of the petition before us, it appears that the trial court treated petitioner's District of Columbia suit "as comparable to a motion for a new trial on newly discovered evidence,"[2] and upon that basis it concluded that the convenience of the court would best be served by transfer of the cause to the forum in which the prior litigation involving these parties had unfolded. We think that premise erroneous. Whether a suit is "comparable to a motion for a new trial on newly discovered evidence" is pertinent only to the matter of the jurisdiction of the court to hear the cause; it is not pertinent to transfer under § 1404(a). Transfer *vel non* under that statute should be decided by weighing the plaintiff's privilege of choosing the forum against the inconvenience, if any, caused either witnesses or defendants by retention in the chosen forum. Thus viewed, the reasons assigned by the trial court for ordering a transfer in the case at bar do not support the order.[3]

Since we believe the order directing transfer of the case below should be vacated and set aside for the reasons discussed, it is unnecessary to consider the additional arguments urged by the petitioner. We assume that the respondent will act in accordance with the expressed view of this opinion, and so, unless application for certiorari is made, the writ sought in Misc. No. 283, Wiren v. Laws, need not issue.

The appeal in No. 10915, Wiren v. Paramount Pictures, Inc., is dismissed for lack of jurisdiction.

---

2. Memo. opinion of Judge Laws of July 28, 1950, app. p. 42A.

3. Atlantic Coast Line R. Co. v. Davis, 5 Cir., 185 F.2d at page 770.