**CHICAGO, R. I. & P. R. CO.**
v.
**IGOE.**
No. 10940.

United States Court of Appeals,
Seventh Circuit.

April 20, 1954.

O. L. Houts, Thomas I. Megan, Milton V. Thompson, Chicago, Ill., for petitioner.

James A. Dooley, Chicago, Ill., for respondent.

Before MAJOR, Chief Judge, and LINDLEY and SCHNACKENBERG, Circuit Judges.

LINDLEY, Circuit Judge.

This is a petition for a writ of mandamus to compel the respondent to transfer, pursuant to the provisions of 28 U.S.C. § 1404(a), the cause entitled Mikesell, Etc. v. Chicago, R. I. & P. R. Co., Civil No. 52 C 2124, from the District Court for the Northern District of Illinois to the District Court for the Southern District of Iowa.

Plaintiff in that cause, administratrix for the estate of Charles Mikesell, deceased, whose counsel appears here for respondent, filed a complaint in the Superior Court of Cook County, Illinois, against petitioner to recover damages claimed to have grown out of the allegedly wrongful death of plaintiff's decedent in a crossing accident in Avoca, Iowa. Plaintiff averred that the decedent had been killed in a collision between a train operated by petitioner and an automobile driven by the decedent, as the proximate result of negligence on the part of the railroad company.

On motion of petitioner, a Delaware corporation, averring plaintiff's Iowa citizenship, the cause was removed to the United States District Court for the Northern District of Illinois. Thereafter petitioner filed a motion under 28 U.S.C. § 1404(a) [1] to transfer the cause to the United States District Court for the Southern District of Iowa, for trial in either its Central Division sitting at Des Moines or its Western Division sitting at Council Bluffs.

This motion was supported by the affidavit of petitioner's assistant general claim agent to the effect that plaintiff is a resident of Des Moines, Iowa,[2] in the Southern District of Iowa; that the accident occurred at Avoca, Iowa; that all witnesses to be called by petitioner reside at either Des Moines or Avoca; that a trial in the Northern District of Illinois would effectually deprive petitioner of process to compel the attendance of witnesses; that Avoca is 459 miles from Chicago, but only some 100 miles from Des Moines; that a trial at Chicago would necessarily impose excessive expense upon petitioner in procuring witnesses to go there to testify; that each of such witnesses would lose some five days; that petitioner's defense cannot be appropriately presented by deposition; that any witnesses to be called by plaintiff on any disputed issue are necessarily

1. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Whether to transfer a cause under this section rests in the sound discretion of the trial court. Also this section presupposes two jurisdictions in which venue may be laid. Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949.

2. Respondent's answer to the petition avers that plaintiff, prior to June 30, 1953, the date petitioner's motion was denied, had moved to, and was a resident of the Northern District of Illinois,

and on the basis of this averment denies the allegation of the petition that all witnesses to be called by either party are residents of the Southern District of Iowa. It was conceded on oral argument that plaintiff was not a witness to the accident which caused the death of her decedent. On November 30, 1953, over petitioner's objection, respondent granted a motion that a statement as to this change of residence be certified to this court. Inasmuch as that fact was not before respondent when he denied petitioner's motion to transfer, it is not properly before us now and we do not consider it. General Portland Cement Co. v. Perry, 7 Cir., 204 F.2d 316.

resident in or near either Des Moines or Avoca, and that petitioner is amenable to process in both the Central and Western Divisions of the District Court for the Southern District of Iowa.

Plaintiff objected to the motion, averring, in an affidavit, that plaintiff is a resident of Des Moines; that the suit was removed from the Superior Court of Cook County, Illinois, to the federal court on petitioner's motion; that petitioner is a Delaware corporation and maintains its principal offices in Chicago; that better train service is provided between Chicago and Des Moines than between Des Moines and Council Bluffs; that Des Moines is the second largest insurance center in the nation; that if the cause were tried at Council Bluffs it would be equally difficult for plaintiff to obtain the testimony of her witnesses who are residents of Iowa; that plaintiff is represented by Chicago counsel, and that petitioner seeks, by its motion to transfer, a forum more favorable to its cause.

Petitioner's motion was denied on grounds subsequently stated, and we granted leave to file this petition for a writ of mandamus. Respondent answered, denying the power of this court to entertain the petition in a case of this nature. Stated in the light most favorable to respondent, the contention is that the granting or denial of a motion to transfer under 28 U.S.C. § 1404(a) rests within the sound discretion of the trial court, and that mandamus will not lie to review its disposition. This is the question with which we are principally concerned and which, if respondent's position be sound, disposes of the proceeding.

■ This question has not been considered by this court previously. A majority of the decisions from other circuits hold that mandamus will lie in a situation such as this, although certain apparent conflicts arise because of the frequent failure of the opinions lucidly to distinguish between the naked question of power to issue and the broader question of whether, on the merits, the writ should issue in a particular case.

See, e. g., All States Freight v. Modarelli, 3 Cir., 196 F.2d 1010.

The courts for the Second, Third, Fifth, Ninth and District of Columbia Circuits have held that mandamus will lie, Paramount Pictures v. Rodney, 3 Cir., 186 F.2d 111, certiorari denied 340 U.S. 953, 71 S.Ct. 572, 95 L.Ed. 687; Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, certiorari denied 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624; Wiren v. Laws, 90 U.S.App.D.C. 105, 194 F.2d 873; Atlantic Coast Line R. Co. v. Davis, 5 Cir., 185 F.2d 766; Shapiro v. Bonanza Hotel Co., 9 Cir., 185 F.2d 777, and Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949, while the Eighth Circuit alone has held squarely that it will not lie to review a Section 1404(a) order, Carr v. Donohoe, 8 Cir., 201 F.2d 426. See also, Swan, C. J., concurring, Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, 332. See Hydraulic Press Mfg. Co. v. Moore, 8 Cir., 185 F.2d 800. We think also that tacit recognition of the power of a federal appellate court to entertain such a cause is implicit in Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207; Kilpatrick v. Texas & Pacific R. Co., 337 U.S. 75, 69 S.Ct. 959, 93 L.Ed. 1223; and United States v. National City Lines, 337 U.S. 78, 69 S. Ct. 955, 93 L.Ed. 1226, and, although the jurisdictional issue was not raised, the existence of the mandamus power is of the essence likewise in Dairy Industries Supply Ass'n v. La Buy, 7 Cir., 207 F.2d 554; C-O-Two Fire Equipment Co. v. Barnes, 7 Cir., 194 F.2d 410, affirmed Cardox Corp. v. C-O-Two Fire Equip. Co., 344 U.S. 861, 73 S.Ct. 102, 97 L.Ed. 668; Fettig Canning Co. v. Steckler, 7 Cir., 188 F.2d 715, certiorari denied 341 U.S. 951, 71 S.Ct. 1019, 95 L.Ed. 1373; All States Freight v. Modarelli, 3 Cir., 196 F.2d 1010; and Nicol v. Koscinski, 6 Cir., 188 F.2d 537. We did not reach the question in General Portland Cement Co. v. Perry, 7 Cir., 204 F.2d 316, and B. Heller & Co. v. Perry, 7 Cir., 201 F.2d 525. The power of a court of appeals to mandate a district judge in a proper case was recognized in a

leading decision rendered prior to the enactment of Section 1404(a). Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185. There the court said, 319 U.S. at pages 25–26, 63 S.Ct. at page 941: "The common-law writs, like equitable remedies, may be granted or withheld in the sound discretion of the court. (Citations omitted.) Hence the question presented on this record is not whether the court below had power to grant the writ but whether in the light of all the circumstances the case was an appropriate one for the exercise of that power."

Respondent's principal reliance on Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, is misplaced. There the court held that mandamus would not lie to review an order entered under 28 U.S.C. § 1406(a). Suffice it to say that that Section, unlike Section 1404 (a), deals with a situation of total want of venue and is mandatory. If venue is improper, the district court must either dismiss or transfer the cause to a court in which venue lies. If the court does neither, any judgment entered in the cause is a nullity, an error correctible on appeal.

We find, then, that the authorities are persuasive that we have power to entertain this petition. While a ruling on a motion under Section 1404(a) to transfer is not an appealable order, Ford Motor Co. v. Ryan, supra; Jiffy Lubricator Co. v. Stewart-Warner Corp., 4 Cir., 177 F.2d 360, it is the type of order which may, absent the power of this court to correct it in any case, give rise to judicially sanctioned irreparable procedural injury. For example, such was the writ issued in Atlantic Coast Line R. Co. v. Davis, supra [185 F.2d 770], to correct an erroneous transfer order which the court held to be a "renunciation or abandonment" of jurisdiction which the trial court was bound to exercise. Adoption of respondent's contention would compel us to hold that this court is powerless to correct an error of that nature. In the language of the court for the District of Columbia Circuit, were we "to hold even unauthorized orders of transfer to lie beyond our control, the effect would be to deprive litigants of forums to which they are entitled." Wiren v. Laws, supra, 194 F.2d at page 874.

A less compelling consideration is likewise persuasive of the existence of power to supervise transfer practice. Thus, we are in accord with Judge Frank's statement in the Ford Motor case, supra, 182 F.2d at page 330, that this is the "kind of interlocutory order with which this court can properly deal by way of such a writ, since should petitioners—the defendants—finally lose on the merits below, any error in the interlocutory order would probably be incorrectible on appeal, for petitioners could hardly show that a different result would have been reached had the suit been transferred. Nor, should petitioners win on the merits below, could they collect as costs the additional expenses to them, if any, due to the court's failure to order the transfer. We recognize that the dividing line is by no means entirely clear between the power of this court and its lack of power to issue the writ. But we think this a sufficiently 'extraordinary cause' to empower us to do so, if the district judge erred."

We conclude that we have jurisdiction to review orders relative to transfer under Section 1404(a) by way of mandamus. However, this opinion deals with the existence of power only, not with the permissible limitations on its exercise. The question of whether we are to adopt Judge Frank's view that the district court's guess should not be disturbed unless "it is too wild", Ford Motor Co. v. Ryan, supra, or the more stringent rule that a Section 1404(a) ruling will never be disturbed if it is based on the requisite statutory tests, All States Freight v. Modarelli, 3 Cir., 196 F.2d 1010, or a rule which permits a wider control over the trial court's discretion is not now before us.

On the merits, the proceeding at bar is strikingly similar to that before this court in Dairy Industries Supply

Ass'n v. La Buy, 7 Cir., 207 F.2d 554, 558, wherein, on a petition for a writ of mandamus, we vacated the trial court's order on the ground that it was not based upon consideration of the requisite factors enumerated in Section 1404(a), namely, the "convenience of the parties and witnesses in the interest of justice". Here the motion to transfer was denied "on the general proposition that the place where this accident occurred is about as close to Chicago as to Des Moines where you want to have the case tried, and this case was started in the State Court and you folks transferred it over to the Federal Building evidently for the purpose of having a trial, and as soon as it got here the only trial you wanted was to ship it out to Iowa. I don't think section 1404(a) was ever established or ever enacted for that reason. * * *."

■■ The fact that the cause is in the district court by removal from a state court has no bearing on a motion to transfer. Once removed, the action proceeds as if it had been brought in the federal court originally. 28 U.S.C. § 81(c), now 28 U.S.C. § 1447; Freeman v. Bee Machine Co., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509; Grivas v. Parmelee Transp. Co., 7 Cir., 207 F.2d 334, certiorari denied 347 U.S. 913, 74 S.Ct. 477. It would seem clear, therefore, that respondent "denied the motion upon an asserted legal premise which in fact does not exist." Grivas v. Parmelee, supra, 207 F.2d at page 338.

■■ Respondent earnestly contends, however, that the order should stand inasmuch as one forum to which transfer is sought is a noted insurance center, and a trial there would be prejudicial to plaintiff. However, neither party to the cause is an insurance company. The averment is wholly irrelevant. Furthermore we can not presume that a trial will proceed other than fairly in any federal forum in which venue exists. The governing tests are expressly stated in the Act, and a leading mandamus case points up the correct guides to their application to a particular fact situation, which include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of a view of the premises, if [necessary]; and all other practical problems that make trial of a case easy, expeditious and inexpensive. * * * The court will weigh relative advantages and obstacles to fair trial." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055.

Nothing herein conflicts with or impinges upon our opinion in Comfort Equipment Company v. Steckler (Burch Mfg. Co. v. Steckler), 7 Cir., 212 F.2d 371. In those cases, as we pointed out, appeal afforded an adequate remedy for correction of any error committed by the trial court in entering the challenged orders.

We adhere to the Dairy Industries decision and remand the cause to the District Court with directions to vacate the order denying the tranfer and to reconsider petitioner's motion in the light of the views expressed herein. Ultimate decision on that motion is within the province of the District Court, and we cannot, as petitioner would have us do, usurp its function and decide the question in this court.