Johnny SYPERT, Plaintiff,

v.

BENDIX AVIATION CORPORATION,
Defendant.

No. 54 C 1112.

United States District Court
N. D. Illinois, E. D.

Sept. 22, 1958.

James A. Dooley, Chicago, Ill., for plaintiff.

Albert M. Howard, McNamara, Voigt, Greene & Nordstrand, B. S. Quigley, Donald John Tufts, Chicago, Ill., for defendants.

MINER, District Judge.

Plaintiff filed suit in this Court on August 3, 1954, to recover for personal injuries arising out of the explosion of an airplane oxygen regulator in Texas. At the time and place of the occurrence, plaintiff was employed by an airplane builder, and was engaged in testing the oxygen regulator as part of his duties. The complaint alleges that his injuries were caused by the negligence of the defendant, manufacturer of the regulator.

On October 26, 1954, defendant filed a motion asking that the action be transferred to the United States District Court for the Northern District of Texas, Dallas Division. After hearing on affidavits, counter-affidavits and briefs, the motion was denied by District Judge Julius J. Hoffman of this Court on October 31, 1955. The case was subsequently tried before District Judge Hoffman and a mistrial declared for failure of the jury to agree on a verdict. Several days later, in another proceeding, Judge Hoffman adversely commented upon his ruling on the motion to transfer, clearly indicating a reversal of his prior opinion.

On March 5, 1958, the defendant filed another motion to transfer to the Unit-

ed States District Court for the Northern District of Texas, Dallas Division. The affidavit of defendant's attorney, submitted in support of the renewed motion, states the following facts concerning the convenience of the parties and witnesses:

(1) That plaintiff alleges in his complaint that his injuries were sustained in Dallas, Texas;

(2) That plaintiff now resides, and did at the time of the occurrence reside, in Dallas, Texas;

(3) That the trial of the case held from January 13, 1958, to February 4, 1958, before District Judge Hoffman, resulted in disagreement of the jury;

(4) That seven witnesses testified for the plaintiff, five having been brought to Chicago from Dallas; that the remaining two were, respectively, a Chicago doctor who examined the plaintiff after commencement of the trial only for the purpose of testifying, and a Glenview naval officer who described the workings of an oxygen regulator;

(5) That four witnesses testified for the defendant, three having been brought to Chicago from Dallas and one, defendant's mechanical engineer, from Davenport, Iowa;

(6) That the testimony of several witnesses had to be, and was, offered by deposition, since they live in Dallas;

(7) That the testimony of prospective witnesses (not identified) was not presented because their presence at the trial could not be obtained since they live in Dallas;

(8) That certain documents, reports and exhibits (not identified), which are available and subject to subpoena in the Dallas court, were not available in this district and could not be presented at the trial;

(9) That since the trial, in treating with a similar motion in another case, District Judge Hoffman has stated on record that the trial of this case convinced him that he had been mistaken in denying the prior motion to transfer. Counsel has attached to his affidavit a copy of the transcript which quotes Judge Hoffman;

(10) That the substantive law applicable to the motion is the law of Texas.

Plaintiff objects to the motion and has countered with affidavits of his counsel affirming facts set forth in his written "Objections" and "Reply to Suggestions of Defendant." The facts so affirmed, which plaintiff deems material, may be summarized as follows:

(1) That on December 3, 1953, prior to the filing of the instant suit, plaintiff filed an identical suit to recover damages in the United States District Court for the Northern District, Southern Division, of California, in response to which defendant filed a motion to dismiss, based upon the one-year California statute of limitations. Plaintiff thereupon voluntarily dismissed the cause.

(2) That defendant's principal witness at the trial before Judge Hoffman aforesaid was the engineer from Davenport, Iowa, which is approximately 165 miles from Chicago, and 635 miles from Dallas.

(3) That in the event of a transfer, plaintiff would have to engage a Texas attorney "who would be without the benefit of the technical knowledge necessary to present the case, and who would likewise be without firsthand knowledge of what had occurred at the first trial. He would be compelled to seek expert testimony in a new section of the country. * * * "

(4) That affiant has spent one week in becoming conversant with the oxygen regulator in question, and the problem involved in the case.

(5) That certain matters (not specified) occurred during the trial which can be forestalled at another trial if handled by the same counsel.

(6) That plaintiff has spent several hundreds of dollars in trying the case in this jurisdiction.

(7) That affiant is informed that "to seek to obtain an expert in Texas, as well as real evidence concerning the oxygen regulator, would well nigh be impossible. * * * "

(8) That affiant could not try the case in Texas.

In substance, the averments of the respective affidavits of counsel are uncontroverted. Were there no other issues presented, the Court would immediately proceed to evaluate the affidavits and arguments in the light of the requirements of Title 28 U.S.C. § 1404(a), and the criteria declared in the cases construing that statute. But plaintiff contends that the Court may not transfer the cause to Dallas under the provisions of 28 U.S.C. § 1404(a), because at the time of the occurrence, August 18, 1952, defendant could not be sued in Texas. Those provisions read:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In support of this contention, plaintiff refers to cases which hold that a case may not be transferred to a district in which the defendant is not amenable to process. Foster-Milburn Co. v. Knight, 2 Cir., 1950, 181 F.2d 949; Rogers v. Halford, D.C.E.D.Wis.1952, 107 F.Supp. 295; Petroleum Financial Corp. v. Stone, D.C.S.D.N.Y.1953, 116 F.Supp. 426. Cf. Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Shapiro v. Bonanza Hotel Co., Inc., 9 Cir., 1950, 185 F.2d 777; Blackmar v. Guerre, 5 Cir., 1951, 190 F.2d 427, affirmed on other grounds 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534; Blackwell v. Vance Trucking Co., Inc., D.C.E.D.S.C.1956, 139 F. Supp. 103.

No case is cited to sustain the proposition that an action may not be transferred to a district in which the defendant becomes amenable to process subsequent to accrual of the cause of action, but before institution of suit in the district from which transfer is sought. At page 17 of the transcript of hearing on the 1955 motion before Judge Hoffman, the Court stated:

"I think the plaintiff acknowledges that Bendix received a permit to transact business, and appointed a registered agent in Texas on January 29, 1954. The [Illinois] suit was not filed until August 3, 1954."

Defendant has responded to plaintiff's brief on this point with cases which declare that a district to which transfer is sought is appropriate so long as the defendant is amenable to process there at the time the petition for transfer is made, since the application for transfer is considered a voluntary submission to the jurisdiction of that court. Paramount Pictures, Inc. v. Rodney, 3 Cir., 1950, 186 F.2d 111, certiorari denied 340 U.S. 953, 71 S.Ct. 572, 95 L.Ed. 687; Andino v. The SS Claiborne, D.C.S.D.N.Y.1957, 148 F.Supp. 701; Cain v. Bowater's Newfoundland Pulp & Paper Mills, Ltd., D.C.E.D.Pa.1954, 127 F.Supp. 949.

■ The legal issue thus presented is whether the statute permits a transfer when, at the time suit was brought in Illinois, suit might have been brought in Texas. To state the issue is, thus, to answer it. The statute does not require that a defendant be amenable to process in two forums at the time of the occurrence out of which the action arose. The Court need not decide whether the statute authorizes transfer where a defendant is amenable to process in but one forum when suit is instituted, and in both only when the application to transfer is made. Nor need the Court decide whether the application constitutes the movant's submission to jurisdiction in the district to which transfer is sought. It is clear that "suit might have been brought" in Texas, both when the Illinois suit was brought and when the original motion to transfer was made, and that defendant continues to be ame-

nable to service in that jurisdiction. See General Portland Cement Co. v. Perry, 7 Cir., 1953, 204 F.2d 316, 318.

Examination of the transcript of hearing on the original motion reveals that Judge Hoffman's denial was predicated on the ground that defendant's affidavits then before him did not clearly demonstrate that the convenience of the parties and witnesses would be served by a transfer. His denial of the motion was not based on a belief that the transfer was precluded as a matter of law. He indicated that the transfer order would be signed if defendant were to make the necessary showing as to convenience.

■■ Plaintiff argues that, once decided, the questions raised by defendant's motion may not be reconsidered by the Court, especially in view of the parties' reliance on the decision in preparing for and trial of the cause. This Court is not bound by a prior disposition of an interlocutory matter (see Clayton v. Warlick, 4 Cir., 1956, 232 F.2d 699, 702; Howes Leather Co. v. La Buy, 7 Cir., 1955, 226 F.2d 703, 704, certiorari granted 350 U.S. 964, 76 S.Ct. 439, 100 L.Ed. 837, affirmed 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290; Chicago, R. I. & P. R. Co. v. Igoe, 7 Cir., 1954, 212 F.2d 378, 381), when it appears from later developments that reconsideration of its action is warranted. Bowles v. Wilke, 7 Cir., 1949, 175 F.2d 35, 37, certiorari denied 338 U.S. 861, 70 S.Ct. 104, 94 L.Ed. 528; Salvant v. Louisville & N. R. Co., D.C. W.D.Ky.1949, 83 F.Supp. 391, 395. See, also, Trust Co. of Chicago v. Pennsylvania R. Co., 7 Cir., 1950, 183 F.2d 640, 647, 21 A.L.R.2d 238. Cf. Atlantic Coast Line R. Co. v. Davis, 5 Cir., 1950, 185 F.2d 766 (mistrial is no justification for retransfer to original forum); Continental Oil Co. v. Osage Oil & Refining Co., 10 Cir., 1934, 69 F.2d 19, 25; Basevi v. Edward O'Toole Co., D.C.S.D.N.Y.1939, 26 F.Supp. 41, 43; Root v. Samuel Cupples Envelope Co., D.C.S.D.N.Y.1929, 36 F.2d 405, 407. And the usual practice of a judge to adhere to the rulings of his colleague as expressions of the law of the case must, in the interest of justice, be subject to at least this much variation. Particularly must this be true when the "later developments" include a clear expression by the trial judge that the revelations at the trial over which he presided convinced him that his original opinion had been erroneous. We have here cogent and compelling reasons to reconsider the action of District Judge Hoffman on the prior motion to transfer. Mutual Life Ins. Co. of New York v. Ginsburg, D.C.W.D.Pa.1957, 150 F.Supp. 344; Kellogg Switchboard & Supply Co. v. Michigan Bell Telephone Co., D.C.E.D. Mich.1947, 71 F.Supp. 365; Basevi v. Edward O'Toole Co., Inc., supra; Bradford v. Chase National Bank of City of New York, D.C.S.D.N.Y.1938, 24 F.Supp. 28, affirmed sub nom. Berger v. Chase National Bank of City of New York, 2 Cir., 1939, 105 F.2d 1001, affirmed 309 U.S. 632, 60 S.Ct. 707, 84 L.Ed. 990, rehearing denied 309 U.S. 698, 60 S.Ct. 885, 84 L.Ed. 1037; Universal Oil Products Co. v. Standard Oil Co. of Indiana, D.C.W.D.Mo.1934, 6 F.Supp. 37, affirmed sub nom. German v. Universal Oil Products Co., 8 Cir., 1935, 77 F.2d 70; Continental Baking Co. v. Woodring, D.C.D. Kan.1931, 55 F.2d 347, affirmed 286 U.S. 352, 52 S.Ct. 595, 76 L.Ed. 1155. Cf. Root v. Samuel Cupples Envelope Co., supra.

Since enactment of Title 28 U.S.C. § 1404(a), the United States Supreme Court has considered a number of cases involving its application. Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 959, 93 L.Ed. 1207; Kilpatrick v. Texas & Pacific Railway Co., 337 U.S. 75, 69 S.Ct. 953, 93 L.Ed. 1223; United States v. National City Lines, Inc., 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226; Pope v. Atlantic Coast Line R. Co., 345 U.S. 379, 73 S.Ct. 749, 97 L.Ed. 1094; Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789. During the same period, our own Court of Appeals has stated the criteria to be applied by district judges in exercising the discretion conferred by the section. B. Heller & Co. v. Perry, 7 Cir., 1953, 201 F.2d 525; General Portland Cement Co. v. Perry,

supra; Dairy Industries Supply Ass'n v. La Buy, 7 Cir., 1953, 207 F.2d 554; Chicago, R. I. & P. R. Co. v. Igoe, 7 Cir., 212 F.2d 378, supra; Chicago, R. I. & P. R. Co. v. Igoe, 7 Cir., 1955, 220 F.2d 299, certiorari denied 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735.

This Court is satisfied that there is before it "all relevant evidence bearing upon the decisive questions of the convenience of the parties and the witnesses"; that the circumstances of the occurrence out of which this action arises are known only to witnesses who reside in Texas; that "[n]o controverted questions depend upon any event occurring in the Northern District of Illinois"; and that "both parties must rely upon evidence of events wholly removed from that district." B. Heller & Co. v. Perry, supra, 201 F.2d at page 527.

The Court is also satisfied that the defendant has shown "the necessity for the testimony of his witnesses" (General Portland Cement Co. v. Perry, supra, 204 F.2d at page 319), most of whom reside in Texas and none in Illinois. This finding is confirmed by the comments of District Judge Hoffman concerning the events at the first trial, which have been incorporated by reference in the affidavit of defendant's counsel. The record of that trial identifies the witnesses whom it is reasonable to conclude will be presented in the second trial, and contains the testimony which forms the basis for the respective positions of the parties on questions of liability and damage.

In determining what action to take on this motion, the Court can consider only three factors: "the convenience of the parties, the convenience of the witnesses and the interest of justice." The Court is also mindful of the principle that a plaintiff is permitted the original choice of "proper forum and that the plaintiff's choice should not lightly be set aside. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055." Dairy Industries Supply Ass'n v. La Buy, supra, 207 F.2d at pages 557-558. See Chicago, R. I. & P. R. Co. v. Igoe, 212 F.2d 378, at

page 382, supra; 220 F.2d 299, at page 302, supra. We may not include in the total balance the admittedly net inconvenience which any transfer might cause to plaintiff's counsel. Chicago, R. I. & P. R. Co. v. Igoe, 220 F.2d 299, at page 304, supra. Cf. Scott v. New York Central R. Co., D.C.N.D.Ill.1948, 81 F.Supp. 815, 817. In acting on the motion, the Court recognizes the presumption existing in favor of the plaintiff, and the correlative burden on the defendant to demonstrate that it is entitled to the transfer. But this presumption is substantially overcome where, as here, no event occurring in the Northern District of Illinois is involved in the action, and plaintiff's desire to try his cause in this forum is essentially based on considerations which, under the statute, are irrelevant.

The Seventh Circuit, in deciding what criteria are "correct guides" to the application of the "governing tests * * * stated in the Act," has quoted with approval a pre-enactment Supreme Court opinion declaring the factors to be considered in applying the *forum non conveniens* doctrine:

"'[T]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of a view of the premises, if view would be appropriate to the action; and all other practical problems that make a trial of a case easy, expeditious and inexpensive. * * * The court will weigh relative advantages and obstacles to fair trial.' Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055." Chicago, R. I. & P. R. Co. v. Igoe, 212 F.2d 378, at page 382, supra.

Plaintiff asserts that it would be difficult for him to obtain a fair trial in Texas because employees of the Chance Vought Corporation, his employer, are there eligible for jury service. Also, that experts on oxygen regulators in that locale are employees of aircraft companies,

and reluctant to testify. The Court is not inclined to agree that unbiased jurors and truthful experts cannot be secured in Texas.

In its evaluation of "the convenience of parties and witnesses, in the interest of justice," the Court has not discounted the personal inconvenience to the plaintiff which trial in this forum involves. By opposing the motion, plaintiff asserts that his convenience would best be served by its denial. But an argument of this sort does not affect the plain truth that the balance of convenience to this plaintiff lies in favor of the district in which he resides. General Portland Cement Co. v. Perry, supra, 204 F.2d at page 320; Chicago, R. I. & P. R. Co. v. Igoe, 220 F.2d 299, at page 303, supra. Cf. dissenting opinion of Mr. Justice Clark in Norwood v. Kirkpatrick, supra. Both parties will find their burdens substantially eased by trial in Texas. Certainly the parties will be freed from the financial drain, and their counsel from the emotional strain, necessarily involved in securing the consent, arranging the transportation, quartering and mediating the exigencies of their witnesses. To present one's case on trial is difficult enough without the added worry of conforming effective trial strategy to the desires of willing witnesses to be heard and gone.

It is clear that, with the exception of technical experts, all witnesses who have personal knowledge of the occurrence and the injury are residents of Texas, subject to compulsory process issuing from the proposed transferee court. The statute speaks of the "interest of justice" and not the sole interest of the litigant opposing the motion. The Court may not disregard the inconvenience which would accrue to plaintiff's witnesses by trial in this forum. We may not balance the inconvenience to defendant's witnesses against an asserted but improbable convenience to plaintiff's. See Chicago, R. I. & P. R. Co. v. Igoe, 220 F.2d 299, at page 303, supra.

The post-trial comments by District Judge Hoffman appear to constitute convincing support for defendant's contention that the convenience of the parties and witnesses requires a transfer. Judge Hoffman there states, inter alia, that "[E]very witness of importance" was from Texas (Tr. 3), that the trial took "three and a half weeks" (Tr. 11), that the plaintiff, his wife and their witnesses were put to large expense "to stay in a hotel for about a month" (Tr. 7), and that the plaintiff was "done an injustice * * * by submitting the treating surgeon's testimony in deposition" (Tr. 7).

In its most recent opinion construing the statute, the Seventh Circuit has considered factors which assist a determination as to the third test, "in the interest of justice." Included is "the state of the court calendar both in the District where the case is pending, and in the District to which it is sought to have the case transferred." Chicago, R. I. & P. R. Co. v. Igoe, 220 F.2d 299, at pages 303, 304, supra. Therefore, in deciding what action to take on defendant's motion, this Court must take judicial notice of the congested condition of its calendar, a fact which will necessarily prevent an early trial of the cause, contrary to the interest of justice.

The Court has examined the affidavits and briefs filed by both parties in support of their respective contentions, and has considered all arguments presented. It is the conclusion of this Court that defendant has sustained its burden and has shown that the balance of convenience to the parties and witnesses in the interest of justice is overwhelmingly in favor of the transfer. Unlike the circumstances in United States v. E. I. duPont deNemours & Co., D.C.N.D.Ill.1950, 87 F.Supp. 962, at page 965, we are not presented with the task of resolving "niceties" for which "resort must be had to an apothecary's scale and a crystal ball; neither of which implements are available in this court." We have here a case which calls for recourse to canons of qualitative analysis and judicial construction, in the utilization of which our courts are adept. Ap-

plication of the statutory tests in conformity with the guidance provided by the controlling decisions requires that the motion to transfer the cause to the United States District Court for the Northern District of Texas, Dallas Division, be, and the same is hereby, granted.