**Edward R. UNGRUND, Plaintiff,**

v.

**CUNNINGHAM BROTHERS, INC., a Corporation, and Moore Business Forms, Inc., a Corporation, Defendants.**

**Civ. No. P–3043.**

United States District Court
S. D. Illinois, N. D.

June 16, 1969.

Harlan Heller, Mattoon, Ill., for plaintiff.

Jack E. Horsley, Donald E. Castles, Mattoon, Ill., for Cunningham Brothers, Inc.

Joseph R. Spitz, Mattoon, Ill., for Moore Business Forms, Inc.

## OPINION AND ORDER

ROBERT D. MORGAN, District Judge.

This cause comes before the Court on defendant's motion for change of venue under Section 1404(a) of Title 28 of the United States Code.

Section 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

This litigation began in the Circuit Court of Peoria County, Illinois, and was removed, based upon diversity of citizenship, to this Court April 28, 1969. The plaintiff and five others were employed in a construction project at Charleston, Coles County, Illinois. The complaint alleges that in furtherance of the project the defendants, Cunningham Brothers, Inc. and Moore Business Forms, Inc., caused a steel roof to be erected on an addition to defendant Moore's building and placed planks thereon; that a scaffold was erected upon the steel set by defendant for the purpose of completing masonry work, and thereafter, on May 16, 1967, the scaffold collapsed, resulting in injuries to the plaintiff and five of his co-workers. It is further alleged that such injuries were the proximate result of the violation of the Structural Work Act of Illinois, Sections 60–69, Chapter 48, Illinois Revised Statutes of 1965. Four of the workmen involved filed separate actions in various jurisdictions against the two defendants named herein. Two of these actions, Katz v. Cunningham Bros. and Bail v. Cunningham Bros., have been consolidated for trial and are now pending in the United States District Court for the Eastern District of Illinois at Danville, Illinois.

The important issue of law on this motion is whether the facts establish that, for the convenience of the litigants and witnesses and in the interest of justice, another forum should be the place of trial, notwithstanding the plaintiff's choice of this forum for the resolution of his cause of action.

This question has been forcefully argued by both sides and briefs have been submitted and considered. Based

upon these, and for reasons stated below, this Court is fully satisfied that the cause should be transferred to the United States District Court for the Eastern District of Illinois.

In reaching this determination, this Court first considered what standard was proper for the application of Section 1404(a).

It should be noted that the statutory motion under Section 1404(a) must be distinguished from the common law rule of *forum non conveniens*. Under that common law rule, a determination that another forum was more appropriate for trial resulted in dismissal. The prospects of defeating a plaintiff's claim by use of this procedural device caused a heavy burden to be placed upon the movant in that clear and impelling reasons for granting the motion were required. Contradistinctively, the granting of a change of venue under Section 1404(a) results only in a change in the place of further proceedings in the case. Because such transfer is a much less drastic step, courts may allow a motion under Section 1404(a) more freely and with less showing than was required to dismiss under *forum non conveniens*. Mobil Tankers Co. v. Mene Grande Oil Co., 363 F.2d 611 (3d Cir. 1966); *cert. denied*, 385 U.S. 945, 87 S.Ct. 318, 17 L.Ed.2d 225 (1966).

■ Plaintiff argues that the right to choose the forum in which to litigate his cause of action should not be lightly disturbed. This Court is fully in accord. In Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), the Supreme Court stated at page 635, 84 S.Ct. at page 819 that:

"* * * § 1404(a) was not designed to narrow the plaintiff's venue privilege or to defeat the state-law advantages * * * rather the provision was simply to counteract the inconveniences that flowed from the venue statutes by permitting transfer to a convenient federal court."

The Supreme Court in *Van Dusen,* however, recognized a liberalized policy for granting transfer when it stated (376 U.S. at 616, 84 S.Ct. at 809) that:

"Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice. Thus, as the Court recognized in Continental Grain Co. v. Barge FBL–585, 364 U.S. 19, 26, 27, 80 S.Ct. 1470, 1474, 4 L.Ed.2d 1540, the purpose of the section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"

What then are the criteria to be used to determine whether this cause should be transferred? Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) was decided prior to the passage of Section 1404(a), but the criteria established in that case have been cited with approval after the passage of the Judicial Code of 1948 by the Court of Appeals for the Seventh Circuit. Chicago, R. I. & P. R. Co. v. Igoe, 212 F.2d 378 (7th Cir. 1954); *cert. denied*, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955). In *Igoe* the Seventh Circuit stated (212 F.2d at 382) that the criteria should *include:*

"The relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of a view of the premises, if (necessary); and all other practical problems that make trial of a case easy, expeditious and inexpensive. * * * The court will weigh relative advantages and obstacles to fair trial."

■ In determining whether Section 1404(a) should be invoked in this action, the Court looks to the interests of the litigants and witnesses based upon the criteria as stated hereinabove, and

whether transfer would be in the "interest of justice."

The plaintiff principally argues two points for denial of the motion to transfer. First, that this is the plaintiff's choice of forum and should not be disturbed. This point, however, in view of the freedom under Section 1404(a) as compared to the common law rule of *forum non conveniens* discussed above, is no longer controlling. Second, the plaintiff provided six affidavits of potential witnesses, each stating that, "it would be convenient for me to testify * * * at Peoria, Illinois." These affidavits, however, do not indicate that Peoria would be more or less convenient than would Danville as the potential forum of transfer. It is doubtful that such an affidavit could honestly be made, in view of the relative closeness of the transferee forum and the fact that the place of the occurrence giving rise to the suit is much closer to Danville than it is to Peoria.

The movant argues that since the occurrence, plaintiff, most witnesses, and both counsel are local to Coles County, which is only approximately sixty miles from the transferee court at Danville, venue in the Eastern District of Illinois must be more convenient. This is most persuasive. The movant further points out that a consolidated case is pending in that Federal District Court between the same defendants as are before this Court and two of the plaintiff's co-workers involved in the same occurrence which is alleged to have injured this plaintiff. In that action it appears that all the issues are the same, excepting damages, as those in the instant case. It seems manifest that upon transfer of this cause to the Eastern District of Illinois, a solid basis will be present for consolidation with the other cases now pending there. In Continental Grain Co. v. Barge FBL–585, 364 U.S. 19, 26, 80 S.Ct. 1470, 1474 (1960), the Court stated:

"To permit a situation in which two cases involving precisely the same

issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."

If such consolidation can be achieved in that Court, then it is clearly in the interest of justice to have one less jury hear the evidence and to have all the witnesses testify as few times as possible. Transfer for this purpose alone would be justified, but when coupled with the convenience of the litigants and witnesses, based on considerations of distance that will surely enure if the Eastern District is the trial forum, transfer is mandated.

For the aforementioned reasons and in the considered judgment of this Court, the present motion must be granted and, accordingly, the case is transferred to the United States District Court for the Eastern District of Illinois at Danville, Illinois.

It is so ordered.